# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| DARYL RICHARDS, LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD AND JOANNA MEYERS, on behalf of themselves and all others similarly situated,<br>                                  Plaintiffs,<br><br>v.<br><br>BANK OF NOVA SCOTIA,<br>                                  Defendant. | 2018-CV-_____<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, complain as follows:

### PRELIMINARY STATEMENT

1.  This is a class action on behalf of Virgin Islands homeowners who have mortgages with the Bank of Nova Scotia ("Scotiabank") and force-placed insurance coverage on their properties. Scotiabank allowed its master force-placed insurance policy to lapse in August 2017, but did not inform its borrowers. Instead, it continued to collect force-placed insurance premiums from its borrowers even though there was no insurance coverage. When the borrowers made claims under the force-placed policy after Hurricanes Irma and Maria struck the Virgin Islands in September 2017, Scotiabank falsely informed the borrowers it would forward their claims to the insurer

even though it knew there was no coverage. Scotiabank's wrongful conduct and fraud have left borrowers without funds to repair their homes. Scotiabank is liable for the cost of repairs to the borrowers' homes, the borrowers' loss of use of their homes, the resulting mental distress, and punitive damages.

2. Plaintiffs, on behalf of themselves and similarly situated borrowers, bring claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(m), breach of contract, and fraud arising out of Scotiabank's unlawful conduct.

## PARTIES

3. Plaintiff Daryl Richards is a citizen of St. Croix, Virgin Islands.

4. Plaintiff Loretta S. Belardo is a citizen of St. Croix, Virgin Islands.

5. Plaintiff Angela Tuitt-Smith is a citizen of St. Croix, Virgin Islands.

6. Plaintiff Bernard A. Smith is a citizen of St. Croix, Virgin Islands.

7. Plaintiff Yvette Ross-Edwards is a citizen of St. Croix, Virgin Islands.

8. Plaintiff Avon Cannonier is a citizen of St. Thomas, Virgin Islands.

9. Plaintiff Anastasia M. Doward is a citizen of St. Croix, Virgin Islands.

10. Plaintiff Joanna Meyers is a citizen of St. Thomas, Virgin Islands.

11. Defendant Scotiabank is a Canadian corporation with its principal place of business in Toronto, Ontario. Scotiabank does business throughout the Virgin Islands.

## JURISDICTION AND VENUE

12. This is an action under RESPA, 12 U.S.C. § 2605(m). This court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

13. The court has supplemental jurisdiction over plaintiffs' territorial law claims

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 3

under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

14.     Scotiabank issues and services residential home mortgages on St. Croix, St. Thomas and St. John.

15.     Scotiabank and its borrowers enter into a standard mortgage agreement prepared by Scotiabank.  All of the borrowers' agreements contain substantially the same terms and conditions.  A copy of Scotiabank's standard mortgage agreement is attached as Exhibit 1.

16.     Scotiabank's mortgage agreement requires the borrower to maintain hazard insurance on the property securing the mortgage.

17.     If a borrower's insurance policy lapses, Scotiabank has the right to "force-place" new coverage on the property and then charge the borrower for the cost of coverage. Force-placed insurance, also known as creditor-placed or lender-placed insurance, is an insurance policy placed by a lender or loan servicer on a home when the property owner's own insurance is cancelled or has lapsed.

18.     Scotiabank's mortgage agreement provides that any insurance proceeds will be used to repair the borrower's property if the repairs do not compromise Scotiabank's interest in the property.  If the proceeds are not used to make repairs, they must be used to reduce the borrower's loan balance.

19.     Scotiabank does not actually purchase force-placed insurance for the borrower. Rather, Scotiabank has a master policy already in place and adds the borrower's property to the master policy.  Before August 1, 2017, Scotiabank  obtained

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 4

force-placed insurance for its Virgin Islands mortgages from American Security Insurance Co. ("ASIC").

20. Effective August 1, 2017, Scotiabank changed its loan servicer for its Virgin Islands mortgages from New Jersey-based Cenlar Corp. to Scotiabank-Puerto Rico.

21. When Scotiabank switched loan servicers on August 1, its force-placed insurance policy with ASIC terminated.  Scotiabank apparently intended to obtain new force-placed coverage for its Virgin Islands properties from a Puerto Rican insurer but never did, leaving its Virgin Islands borrowers without coverage.

22. Even though Scotiabank had no force-placed insurance for its Virgin Islands properties after August 1, it continued to charge its Virgin Islands borrowers premiums for force-placed insurance - or had already charged them premiums for policy periods that extended beyond August 1, 2017.

23. After Hurricanes Irma and Maria struck the Virgin Islands in September 2017, Scotiabank's borrowers with force-placed insurance whose properties were damaged in the hurricanes contacted Scotiabank to make claims under Scotiabank's force-placed policy.

24. Scotiabank directed its borrowers to provide it with damage estimates and stated that it would forward the estimates to its insurer.  These statements were misleading because there was no force-placed policy covering the borrowers' property.

25. When the borrowers later inquired about the status of their claims, Scotiabank continued to falsely represent that the borrowers were insured, assuring them that their

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 5

claims were being processed. And when borrowers requested insurance certificates for the force-placed coverage, Scotiabank refused to provide them.

26. On January 30, 2018, Scotiabank sent a form letter to its Virgin Islands borrowers with force-placed insurance stating that their properties were covered under a force-placed insurance policy effective August 1, 2017. This statement was false.

27. On February 21, 2018, Scotiabank sent a form letter to its Virgin Islands borrowers with force-placed insurance. The letter states that Scotiabank was making efforts to process force-placed claims. The letter is false and misleading in that it fails to disclose that there is no force-placed policy covering the borrowers' properties.

28. Scotiabank has perpetrated a cover-up and charade for almost six months— and continues to do so — while borrowers live in damaged homes and wait in vain for their claims to be paid.

29. In reliance on Scotiabank's false statements and omissions, Virgin Islands borrowers delayed taking legal action against Scotiabank and either did not attempt to obtain other sources of funds, such as applying for government disaster relief assistance, or could not obtain government assistance because of requirements that they first exhaust their homeowner's insurance benefits.

30. As a result of Scotiabank's failure to perform its statutory and contractual obligation to maintain force-placed coverage for its borrowers who paid for it, the borrowers have suffered damages, including the cost of repairs to their homes, the loss of use of their homes, and emotional distress, annoyance and inconvenience.

### Plaintiff Daryl Richards

31.     Daryl Richards owns a home on St. Croix at 40 Estate La Grange.  He has a mortgage with Scotiabank secured by his property.

32.     Richards entered into Scotiabank's standard mortgage agreement when he received his home loan.

33.     Richard's property was insured under Scotiabank's force-placed insurance policy.  Scotiabank continued to charge Richards for force-placed insurance after August 1. 2017, even though his property was no longer covered after that date.

34.     Richards' home was damaged by Hurricane Maria.  Richards promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

35.     During the last week of October 2017, Patricia Clendenen, a Scotiabank manager, told Richards he had force-placed insurance and that he should submit an estimate and photos to Scotiabank.

36.      When Richards later inquired about the status of his claim, Scotiabank stalled and prevaricated, assuring Richards that his claim was being processed.  That was false, as there was no insurance.

37.     Richards cannot afford to repair the damage to his home without the insurance proceeds.

### Plaintiff Loretta Belardo

38.     Loretta S. Belardo owns a home on St. Croix at 246 Estate Campo Rico. She has a

mortgage with Scotiabank secured by her property.

39. Belardo entered into Scotiabank's standard mortgage agreement when she received her home loan.

40. Belardo's property was insured under Scotiabank's force-placed insurance policy. Scotiabank continued to charge Belardo for force-placed insurance after August 1. 2017, even though her property was no longer covered after that date.

41. Belardo's home was damaged by Hurricane Maria. Belardo promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

42. During the first week of November 2017, Patricia Clendenen, a Scotiabank manager, told Belardo she had force-placed insurance and that she should submit an estimate and photos to Scotiabank.

43. When Belardo later inquired about the status of her claim, Scotiabank assured Belardo that her claim was being processed. That was false.

44. Belardo cannot afford to repair the damage to her home without the insurance proceeds.

### Plaintiffs Angela Tuitt-Smith and Bernard A. Smith

45. Angela Tuitt-Smith and Bernard A. Smith own a home on St. Croix at 66-B Mars Hill, Frederiksted, V.  They  have a mortgage with Scotiabank secured by their property.

46. The Smiths entered into Scotiabank's standard mortgage agreement when they received their home loan.

47.   Smiths' property was insured under Scotiabank's force-placed insurance policy. Scotiabank continued to charge the Smiths for force-placed insurance after August 1. 2017, even though their property was no longer covered after that date.

48.   The Smiths' home was damaged in Hurricane Irma.

49.   On November 2, 2017, the Smiths called Scotiabank's St. Thomas branch to make an insurance claim and spoke with Ms Bertrand.  Bertrand told the Smiths that they had force-placed insurance and that they should submit an estimate.  The Smiths submitted an estimate but did not hear back from Scotiabank.

50.   In a letter dated November 13, 2017, Scotiabank informed the Smiths that she had insurance with Marsh Saldana.  This was false.  When the Smiths contacted Marsh Seldana, they were told she was not insured.

51.   The Smiths' cannot afford to repair the damage to their home without the insurance proceeds.

## Plaintiff  Yvette Ross-Edwards

52.   Yvette Ross-Edwards owns a home on St. Croix at 16B Estate Whim.  She has a mortgage with Scotiabank secured by her property.

53.   Ross-Edwards entered into Scotiabank's standard mortgage agreement when she obtained her  home loan.

54.   Ross-Edwards' property was insured under Scotiabank's force-placed insurance policy and she paid premiums to Scotiabank for the insurance between August 1, 2017 and present.

55. Ross Edwards' home was damaged by Hurricane Maria. Ross-Edwards promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

56. Scotiabank informed Ross-Edwards that it would process her claim and asked her for an estimate of her damages. Scotiabank failed to disclose to Ross-Edwards that there was no force-placed insurance covering her property.

57. Ross-Edwards cannot afford to repair the hurricane damage to her home without the insurance proceeds.

## Plaintiff Avon Cannonier

58. Avon Cannonier owns a home on St. Thomas at 14-45 Estate Frenchman's Bay. She has a mortgage with Scotiabank secured by her property.

59. Cannonier entered into Scotiabank's standard mortgage agreement when she received her home loan.

60. Cannonier's property was insured under Scotiabank's force-placed insurance policy and she paid premiums to Scotiabank for the insurance between August 1, 2017 and present.

61. Cannonier's home was damaged by Hurricane Irma. She called Scotiabank on September 18, 2017 to make an insurance claim. A Scotiabank representative told her she had force-placed insurance with ASIC. She contacted ASIC on Oct 2, 2017 and filed a claim.

62. On Oct 30, 2017, ASIC told Cannonier that her property was insured by Marsh

Saldana, not ASIC. Cannonier then contacted Marsh Saldana and submitted a damage estimate and photos. Marsh Saldana later informed Cannonier that her property was not insured.

63. Cannonier cannot afford to repair the hurricane damage to her home without the insurance proceeds.

## Plaintiff Anastasia Doward

64. Anastasia Doward owns a home on St. Croix at 32 EB Whim Estate. She has a mortgage with Scotiabank secured by her property.

65. Doward entered into Scotiabank's standard mortgage agreement when she received her home loan.

66. Doward's property was insured under Scotiabank's force-placed insurance policy. Scotiabank continued to charge Doward for force-placed insurance after August 1. 2017, even though her property was no longer covered after that date.

67. Doward's home was damaged by Hurricane Maria. Doward promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

68. Scotiabank told Doward to submit an estimate and photos and it would process her claim.

69. When Doward later inquired about the status of her claim, Scotiabank assured Doward that her claim was being processed. That was false.

70. Doward cannot afford to repair the damage to her home without the insurance

proceeds.

## Plaintiff Joanna Meyers

71. Meyers owns a home on St. Thomas at 129a-5 Anna's Retreat. She has a mortgage with Scotiabank secured by her property.

72. Meyers entered into Scotiabank's standard mortgage agreement when she received her home loan.

73. Meyers' property was insured under Scotiabank's force-placed insurance policy. Scotiabank continued to charge Doward for force-placed insurance after August 1, 2017, even though her property was no longer covered after that date.

74. Meyers' home was damaged by Hurricane Irma. Meyers promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

75. Scotiabank told Meyers to submit an estimate and photos, and that it would process her claim.

76. When Meyers later inquired about the status of her claim, Scotiabank assured Meyers that her claim was being processed. That was false.

77. Meyers cannot afford to repair the damage to his home without the insurance proceeds.

78. There are no material differences between Scotiabank's actions and practices with respect to Richards, Belardo, Tuitt-Smith, Smith, Ross-Edwards, Cannonier, Doward and Meyers, and its actions and practices with respect to the putative class.

## CLASS ALLEGATIONS

79.     Plaintiffs bring this action against Scotiabank pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

All persons with residential home mortgage loans owned or serviced by Scotiabank on property in the U.S. Virgin Islands who were charged by Scotiabank for force-placed hazard insurance in effect in September 2017 and who submitted to Scotiabank claims for hurricane damage to their home caused by Hurricanes Irma or Maria.

80.     Plaintiffs reserve the right to modify or amend the definitions of the proposed classes before the court determines whether certification is appropriate.

81.     Scotiabank subjected Plaintiffs and the class members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner.

### A. Numerosity

82.     The proposed class is so numerous that joinder of all members would be impracticable.  Scotiabank sells and services hundreds of mortgage loans in the Virgin Islands.  The individual class members are ascertainable, as the names and addresses of all class members can be identified in the business records maintained by Scotiabank.  There are more than 100 putative class members, and it would be impractical for each member to bring suit individually.  Plaintiffs do not anticipate any difficulties in the management of the class action.

### B. Commonality

83.     There are questions of law and fact that are common to Plaintiffs' and class

members' claims.  These common questions predominate over any questions that go particularly to any individual member of the class.  Among such common questions of law and fact are the following:

a. Whether Scotiabank has a reinsurance or other financial obligation with respect to the payment of force-placed claims;

b. Whether Scotiabank's policy and practice of refusing to file claims on behalf of borrowers charged for force-placed insurance violates its standard mortgage agreement.

c. Whether Scotiabank violated RESPA by charging plaintiffs and class members for force-placed insurance that does not provide coverage for their properties.

d. Whether Scotiabank breached the implied covenant of good faith and fair dealing by failing to file Plaintiffs' and the class Members' claims for damage to their homes.

**C.  Typicality**

84. Plaintiffs are members of the class they seek to represent.  Plaintiffs' claims are typical of the class members' claims because of the similarity, uniformity, and common purpose of Scotiabank's unlawful conduct.  Each class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of Scotiabank's wrongful conduct.

**D.     Adequacy of Representation**

85. Plaintiffs are adequate representatives of the classes they seek to represent and will fairly and adequately protect the interests of those classes.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them.  There is no hostility between

Plaintiffs and the unnamed class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

86. To prosecute this case, Plaintiffs have chosen the undersigned law firm, which is experienced in class action litigation and has the financial and legal resources to litigate this case.

**E. Requirements of Fed. R. Civ. P. 23(b)(3)**

87. The questions of law or fact common to Plaintiffs' and each class member's claims predominate over any questions of law or fact affecting only individual members of the class. All claims by Plaintiffs and the unnamed class members are based on Scotiabank's blanket policy and practice of refusing to process or adjust force-placed claims and on Scotiabank's unnecessary charges for a master insurance policy that allegedly does not even cover its own interest in its collateral.

88. Common issues predominate where, as here, liability can be determined on a class-wide basis, even when there will be some individualized damage determinations.

**F. Superiority**

89. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a) The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

(b) Individual suits may not be cost effective or economically maintainable as individual actions; and

(c) The action is manageable as a class action.

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 15

## G.  Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

90.  Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

91.  Defendants have acted or failed to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**COUNT I**
**(VIOLATION OF RESPA)**

92.  Plaintiffs repeat and reallege paragraphs 1-91, above.

93.  Beginning August 1, 2017, Scotiabank acted as the servicer of plaintiffs' and the class members' loans.

94.  RESPA, 12 U.S.C. § 2605(m), provides that all charges related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable.

95.  Scotiabank's charges to plaintiffs for force-placed insurance were neither bonafide nor reasonable in that no insurance coverage was obtained or provided in exchange for the charges.

96.  As a result of Scotiabank's violation of RESPA, plaintiffs and the Class have suffered actual damages, including mental and emotional distress, and statutory damages in the amount of $2,000 for each class member.

**COUNT II**
**(Breach of Contract)**

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 16

97. Plaintiffs repeat and reallege paragraphs 1-96, above.

98. Scotiabank agreed to obtain force-placed insurance covering plaintiffs' property in exchange for premiums paid by the plaintiff and agreed to use the insurance proceeds to either repair plaintiffs' homes or to pay down their mortgages.

99. Plaintiffs paid premiums to Scotia for the force-placed insurance and otherwise performed their contractual obligations.

100. Scotiabank breached its contract with plaintiffs by failing to obtain force-placed insurance for their property beginning August 1, 2017 and by failing to repair plaintiffs' homes or pay down their mortgage.

101. As a result of Scotiabank's breach of contract, plaintiffs received nothing in return for their payment of premiums and each plaintiff's property was not covered by insurance when Hurricanes Irma and Maria struck the Virgin Islands in September 2017.

102. Plaintiffs and the class have suffered damages, including cost of repairs to their property, the loss of use of their property, and the amount paid in premiums for illusory insurance.

## COUNT III
## (Fraud)

103. Plaintiffs repeat and reallege paragraphs 1-102, above.

104. After Hurricanes Irma and Maria, Scotiabank represented to plaintiffs that their property was covered by force-placed insurance and that it would process their claims

through Scotiabank's force-placed insurance carrier.

105. These representations were false and misleading because, at the time they were made, Scotiabank did not have a force-placed policy that covered plaintiffs' property for damage caused by Hurricanes Irma and Maria.

106. Scotiabank knew its representations were false at the time it made them, and Scotiabank made the false representations with the intent to induce plaintiffs to rely on the statements.

107. Plaintiffs reasonably relied on Scotiabank's false statements to their detriment. In reliance on Scotiabank's false statements and omissions, Plaintiffs delayed taking legal action against Scotiabank and either did not attempt to obtain other sources of funds, such as applying for government disaster relief assistance, or could not obtain government assistance because of requirements that they first exhaust their homeowner's insurance benefits.

108. Scotiabank's acted with the intent to defraud plaintiffs and in willful disregard for the rights of the plaintiffs. Therefore, punitive damages are warranted to punish and deter.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all class members similarly situated, seek a judgment in their favor awarding actual damages as well as attorney's fees and costs.

**Complaint**
*Richards et al. v. Bank of Nova Scotia; 18-CV-____*
Page 18

DATED: March 20, 2018	By:	Respectfully submitted,

							**COLIANNI & COLIANNI LLC**
							Attorneys for Plaintiffs


							/s/ Vincent Colianni, II
							Vincent Colianni, II
							V.I. Bar No. 768
							Vincent A. Colianni
							V.I. bar No. 13
							1138 King Street
							Christiansted, VI 00820
							Telephone: (340) 719-1766
							Facsimile: (340) 719-1770
							mailbox@colianni.com