**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>BANK OF NOVA SCOTIA,<br>         Defendant. | 2018-CV-8<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE BANK OF NOVA SCOTIA'S RENEWED MOTION TO DISMISS**

**I. INTRODUCTION**

  This is a serious and alarming case involving The Bank of Nova Scotia's ("Scotiabank") failure to obtain windstorm insurance for its Virgin Islands borrowers despite charging the borrowers premiums for that insurance. Scotiabank's misconduct left its Virgin Islands properties uninsured when Hurricanes Irma and Maria struck in September 2017. Instead of coming clean with its borrowers, Scotiabank engaged in a pattern of delay and tried to cover-up its mistake by retroactively obtaining insurance. The retroactive insurance, however, did not cover the property damage to plaintiffs' homes.

  Scotiabank's motion ignores the legal standard governing motions to dismiss. Scotiabank does not seriously challenge the sufficiency of plaintiffs' allegations. Instead, Scotia spends almost its entire brief contesting the truth of those allegations with self-

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 2 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss**
*Belard et al v. Scotia;* 2018-CV-8
Page 2

serving and conclusory denials. But it is hornbook law that disputes about the veracity of factual allegations in a complaint are not a basis for dismissal under Rule 12(b)(6). To the contrary, in a deciding a to dismiss, the court assumes the truth plaintiffs well pleaded allegations and construes the complaint in a light most favorable to the plaintiffs.

Under the correct standard, the FAC easily states plausible claims for relief against Scotiabank. All three of plaintiffs' claims are predicated on the allegation that Scotiabank failed to obtain force placed insurance for its Virgin Islands properties when it switched loan servicers in August 2017. Scotiabank charged plaintiffs and class members for the insurance but never obtained it. As a result, plaintiffs' properties were uninsured when Hurricanes Irma and Maria struck the Virgin Islands in September 2017. The FAC alleges very detailed and specific facts in support of this core allegation:

- Scotiabank told the borrowers to submit photos and damages estimates after the hurricanes but then never followed up with the borrowers after receiving this information.
- When the borrowers did not hear back from Scotiabank, many of them asked Scotiabank for copies of the certificates of insurance covering their properties. Scotiabank refused to provide certificates.
- Scotiabank told several borrowers that the properties were insured by Marsh Saldana, which actually is an insurance broker. When the borrowers contacted Marsh Saldana, they were told that Marsh Salada had no record of any insurance covering their properties.
- After the original complaint was filed, Scotiabank hired its own adjusters to inspect plaintiffs' properties.

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 3 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss**
*Belard et al v. Scotia*; 2018-CV-8
Page 3

- Scotiabank provided the adjusters with copies of an expired force placed policy to use in adjusting plaintiffs' claims.

These specific factual allegations are more than sufficient to support plaintiffs' claims for violations of RESPA, for breach of contract, and for violations of the Virgin Islands Consumer Fraud and Deceptive Business Practices Act.  RESPA prohibits a loan servicer from overcharging for force placed insurance.  The FAC alleges sufficient facts to support this claim.  It alleges that Scotiabank failed to obtain force placed insurance for its Virgin Islands properties beginning August 1, 2017, when it became the loan servicer of its Virgin Islands loans.  Thus, Scotiabank's conduct represents the ultimate overcharge — it charged plaintiffs for nonexistent force placed insurance.

Plaintiffs breach of contract claim alleges that Scotiabank agreed to obtain force placed insurance for plaintiffs' properties in exchange for plaintiffs' payment of premiums.  Scotiabank breached its agreement by failing to obtain force placed insurance despite charging plaintiffs for the premiums.  It is hard to imagine a more straightforward breach of contract claim.  The FAC clearly states a plausible claim for breach of contract.

Finally, the FAC states a claim for violations of the Virgin Islands Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C. § 331, which prohibits a corporation from engaging in deceptive and fraudulent trade practices  in connection with the sale of goods or services.   The FAC alleges that Scotiabank engaged in a deceptive practice by charging plaintiffs for nonexistent force-placed insurance.  Again, the claim is straightforward and supported by specific factual allegations.

The court should deny Scotiabank's motion to dismiss.

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 4 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss**
*Belard et al v. Scotia;* 2018-CV-8
Page 4

## II. THE FAC'S ALLEGATIONS

This is a class action on behalf of Virgin Islands homeowners who have mortgages with the Bank of Nova Scotia ("Scotiabank") and force-placed insurance coverage on their properties. FAC ¶ 1. The FAC alleges claims against Scotiabank for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(m), for breach of contract, and for violations of the Virgin Islands Consumer Fraud And Deceptive Business Practices Act, 12A V.I.C. § 331.

The factual basis of plaintiffs' claims is Scotiabank's failure to obtain forced placed insurance for plaintiffs properties before Hurricanes Irma and Maria, despite charging plaintiffs premiums for the insurance. The FAC alleges the following facts.

Scotiabank issues and services residential home mortgages on St. Croix, St. Thomas and St. John. FAC ¶ 14. Scotiabank and its borrowers enter into a standard mortgage agreement prepared by Scotiabank. *Id.* ¶ 15. Scotiabank's mortgage agreement requires the borrower to maintain hazard insurance on the property securing the mortgage. *Id. ¶ 16*

If a borrower's insurance policy lapses, Scotiabank has the right to "force-place" the new coverage on the property and then charge the borrower for the cost of coverage. Force-placed insurance, also known as creditor-placed or lender-placed insurance, is an insurance policy placed by a lender or loan servicer on a home when the property owner's own insurance is cancelled or has lapsed. *Id. ¶ 17.* Scotiabank's mortgage agreement provides that any insurance proceeds will be used to repair the borrower's property if the repairs do not compromise Scotiabank's interest in the property. If the proceeds are not used to make repairs, they must be used to reduce the borrower's loan balance. *Id. ¶ 18.*

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 5 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss
*Belard et al v. Scotia*; 2018-CV-8
Page 5

Scotiabank does not actually purchase force-placed insurance for the borrower. Rather, Scotiabank has a master policy already in place and adds the borrower's property to the master policy.  Before August 1, 2017, Scotiabank  obtained force-placed insurance for its Virgin Islands mortgages from American Security Insurance Co. ("ASIC").  *Id. ¶ 19.*

Effective August 1, 2017, Scotiabank changed its loan servicer for its Virgin Islands mortgages from New Jersey-based Cenlar Corp. to Scotiabank-Puerto Rico, a division of Scotiabank.  *Id. ¶ 20.*

When Scotiabank switched loan servicers on August 1, its force-placed insurance with ASIC covering its Virgin Islands properties terminated. Scotiabank apparently intended to obtain new force-placed coverage for its Virgin Islands properties from the forced placed insurer of its Puerto Rico properties.  But Scotiabank failed to obtain coverage from its Puerto Rico insurer for its Virgin Islands properties, leaving its Virgin Islands borrowers without coverage.   *Id. ¶ 21.*

Even though Scotiabank had no force-placed insurance for its Virgin Islands properties after August 1, it continued to charge its Virgin Islands borrowers premiums for force-placed insurance - or had already charged them premiums for policy periods that extended beyond August 1, 2017.  *Id.  ¶ 22.*

After Hurricanes Irma and Maria struck the Virgin Islands in September 2017, Scotiabank's borrowers with force-placed insurance whose properties were damaged in the hurricanes contacted Scotiabank to make claims under Scotiabank's force-placed policy.  *Id.  ¶ 23.*

Scotiabank directed plaintiffs to provide it with damage estimates and stated that it would forward the estimates to its insurer.  *Id. ¶ 24.*  But Scotiabank failed to follow

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 6 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss
*Belard et al v. Scotia;* 2018-CV-8
Page 6

up with plaintiffs after receiving this information and instead played a game of delay. *Id.* ¶¶ 42, 61-62, 69, 75-76, 82-83. And when plaintiffs requested insurance certificates for the force-placed coverage, Scotiabank refused to provide them. *Id.* ¶ 25. The plaintiffs had received certificates under the expired ASIC policy, but no certificates were provided for the new policy under which their properties were supposedly insured. *Id.*

Scotiabank's own insurance broker, Marsh Saladana, told several named plaintiffs and a putative class member that there was no force placed insurance covering their properties. In a letter dated January 22, 2018, Scotiabank informed a putative class member that "[your] policy number is CP-028097411 and the insurance company is Marsh Saldana." When the class member contacted Marsh Saldana, however, the class member was told that he was not covered by any insurance placed through Marsh Saldana. *Id.* ¶ 26.

Similarly, in a letter dated November 13, 2017, Scotiabank informed plaintiffs Angela Tuitt-Smith and Bernard Smith that their property was insured by Marsh Saldana. The letter states that Marsh Saldana is an insurer, not an insurance broker. When the Smiths contacted Marsh Saldana, they were told they were not insured. *Id.* ¶ 43.

Scotiabank gave even more confusing and false information to plaintiff Avon Cannonier. A Scotiabank representative told Cannonier that she had force-placed insurance with ASIC. She contacted ASIC and filed a claim. *Id.* ¶ 54. On October 30, 2017, ASIC told Cannonier that her property was insured by Marsh Saldana, not ASIC. Cannonier then contacted Marsh Saldana and submitted a damage estimate and photos. Marsh Saldana later informed Cannonier that her property was not insured. *Id.* ¶ 55. After this lawsuit was filed, Scotiabank hired its own adjusters to inspect plaintiffs'

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 7 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss
*Belard et al v. Scotia;* 2018-CV-8
Page 7

properties. Scotiabank provided its adjusters with the expired ASIC policy to use in adjusting the Virgin Islands claims. *Id.* ¶ 29.

## II. LEGAL STANDARD

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of a plaintiff's complaint. In deciding a motion to dismiss the complaint, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d224, 233 (3d Cir. 2008).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. THE FAC ALLEGES PLAUSIBLE CLAIMS FOR RELIEF

Scotiabank argues that the FAC fails to state a claim for relief. In support of this argument, Scotiabank challenges the truth of plaintiffs' allegations and asks the court to take its word for it that plaintiffs' allegations are false. But disputing the veracity of

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 8 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss
*Belard et al v. Scotia*; 2018-CV-8
Page 8

factual allegations in a complaint does not provide a basis for dismissal under Federal Rule of Civil Procedure 12.  On the contrary, the facts must be viewed in the light most favorable to the plaintiffs. *See Chavez v. Blue Sky Natural Beverage Co.,* 340 Fed.Appx 359, 360 (9th Cir. 2009) ("the motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case.").

As we show below, the FAC alleges very specific facts in support of plaintiffs' claims.  It does not merely allege conclusions or simply recite the elements of plaintiffs' legal claims.  Therefore, Scotiabank's motion to dismiss should be denied.

A.   THE FAC STATES A CLAIM UNDER RESPA

Count 1 of the FAC alleges a claim for a violation of § 2605(m) of RESPA. Section 2605(m) provides that "insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable."  12 U.S.C. § 2605(m).  A plaintiff may recover actual damages suffered as a result of at § 2605(m) violation.

The FAC alleges that Scotiabank's charges to plaintiffs for force-placed insurance were neither bonafide nor reasonable in that no insurance coverage was obtained or provided in exchange for the charges.  FAC ¶¶ 101-03.

Scotiabank argues that plaintiffs fail to state a claim under RESPA because plaintiffs' allegations that Scotiabank failed to obtain force-placed insurance are false. In support of this argument, Scotiabank attaches a January 30, 2018 to its borrowers that represents they were insured by a force-placed policy that took effect on August 1, 2018.  This argument fails, for at least two  reasons.

First, it ignores the legal standard governing Rule 12(b)(b) motions, which requires that a court assume the truth of all well-pleaded allegations.  "When there are well-pleaded factual allegations, a court should assume their veracity and then

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 9 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss
*Belard et al v. Scotia*; 2018-CV-8
Page 9

determine whether they plausibly give rise to an entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).

Second, Scotiabank's letter is hardly proof that plaintiffs' properties were insured at the time of the hurricanes.  Rather, the letter is simply a self-serving representation that Scotiabank obtained insurance.  What's more the letter does not say when Scotiabank obtained the insurance.  As the FAC alleges, Scotiabank added plaintiffs' properties to its force placed policy *after* the hurricanes, and the retroactive policy does not provide coverage for the damage to plaintiffs' properties resulting from the September hurricanes.  FAC ¶ 26.  Scotiabank knows this is the truth - and its unsupported arguments to the contrary are disingenuous.[1]

Scotiabank also argues that the FAC does not allege sufficient facts to support the claim that Scotiabank failed to add its Virgin Islands properties to its force placed insurance policy before the hurricanes.  That is clearly wrong.

The FAC alleges detailed facts that support the inference that plaintiffs' properties were not insured at the time of the hurricanes.  The FAC alleges that Scotiabank engaged in a pattern of delay by failing to respond to plaintiffs' inquiries about the status of their claims.  FAC ¶ delay.  *Id.* ¶¶ 42, 61-62, 69, 75-76, 82-83. It alleges that  Scotiabank refused to provide plaintiffs with insurance certificates showing that their properties were covered, even though plaintiffs had received certificates under the expired ASIC policy.  *Id.* at 25.

---

[1] Scotiabank's counsel's suggestion that plaintiffs' counsel has violated Rule 11 is ironic. Scotiabank's counsel's representation to the court that plaintiffs' properties were insured at the time of the hurricanes is simply not true.  In addition to the welter of facts alleged in the FAC, documents provided to plaintiffs' counsel after the FAC was filed confirm that Scotiabank paid its force placed insurer to add the Virgin Islands properties to its policy on January 30, 2018, over four months after the hurricanes.

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 10 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss**
*Belard et al v. Scotia*; 2018-CV-8
Page 10

The FAC also alleges, in detail, that Scotiabank's own insurance broker, Marsh Saladana, told several named plaintiffs and a putative class member that there was no force placed insurance covering their properties. *Id. ¶¶ 26, 29, 43, 55*. And the FAC alleges that, after this lawsuit was filed, Scotiabank hired its own adjusters to inspect plaintiffs' properties, and provided its adjusters with the expired ASIC policy to use in adjusting the Virgin Islands claims. *Id. ¶ 29*.

These allegations are not legal conclusions or labels, they are specific facts. The facts give rise to a plausible inference that Scotiabank failed to insure plaintiffs' properties under its forced placed policy before the hurricanes - even though it charged plaintiffs insurance premiums during this time period. If Scotiabank had insured plaintiffs' properties, it would not have ignored plaintiffs' insurance claims and requests for updates, it would have provided them with insurance certificates, and it would not have had to hire its own adjusters to inspect plaintiffs properties after this lawsuit was filed - it would have relied on its insurer's adjusters. Nor would its own insurance broker, Marsh Saldana, have told numerous plaintiffs' that their properties were not insured.

Scotiabank argues that Marsh Saldana told plaintiffs that they were not personally insured and that this was a true statement because Scotiabank is the named insured under the force placed policy. This argument makes too fine a point. Read in the light most favorable to plaintiffs, the FAC alleges that plaintiffs asked Marsh Saldana if there was coverage for their homes, not if they were the actual named insureds. *See* FAC ¶ 55 ("Marsh Saldana later informed Cannonier that her property was not insured.").

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 11 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss
*Belard et al v. Scotia*; 2018-CV-8
Page 11

### B. THE FAC STATES A CLAIM FOR BREACH OF CONTRACT

The FAC alleges a claim for breach of contract based on Scotiabank's failure to purchase force placed coverage for plaintiffs despite charging plaintiffs premiums for the coverage.

To state a claim for breach of contract, a plaintiff must allege the existence of a contract, breach of a contractual obligation by defendant, and resulting damages.

The FAC states a claim for breach of contract. It alleges that Scotiabank agreed to obtain force-placed insurance covering plaintiffs' property in exchange for premiums paid by the plaintiff and agreed to use the insurance proceeds to either repair plaintiffs' homes or to pay down their mortgages. FAC ¶ 105. It further alleges that Scotiabank breached its contract with plaintiffs by failing to enroll plaintiffs' property under its force placed insurance policy beginning August 1, 2017 and by failing to repair plaintiffs' homes or pay down their mortgage. Id. ¶ 106. And it alleges that as a result of Scotiabank's breach of contract, plaintiffs received nothing in return for their payment of premiums and each plaintiff's property was not covered by insurance when Hurricanes Irma and Maria struck the Virgin Islands in September. *Id.* ¶ 107.

Scotiabank argues that the FAC does not state a claim for breach of contract because Scotiabank had no obligation to purchase force placed insurance for plaintiffs' properties. This argument fails.

It is true that Scotiabank had no obligation to purchase force placed insurance for plaintiffs' properties. But once it informed plaintiffs that it had elected to buy force placed coverage for their properties and then charged them for the coverage, it obviously had a contractual duty to buy the coverage.

Scotiabank also argues it is the named insured under the force placed policy and that force placed insurance coverage is obtained solely for its benefit. That is simply

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 12 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss**
*Belard et al v. Scotia;* 2018-CV-8
Page 12

wrong. Scotiabank's mortgage agreement provides that it must use the proceeds from the force placed policy to either pay for repairs to the borrower's home or to pay down the borrower's mortgage. Thus, the proceeds clearly benefit the borrower. Moreover, even if the force placed insurance exclusively benefited Scotiabank, it obviously still had a contractual obligation to buy it when it charged plaintiffs premiums for it.

Courts have found that borrowers stated a claim for breach of a mortgage agreement based on allegations that a bank overcharged them for force placed insurance. *See Lane v. Wells Fargo Bank,* No. C 12–04026, 2013 WL 269133, *10 (N.D.Cal. Jan. 24, 2013) (finding "that plaintiffs have sufficiently stated a claim for breach of contract against bank for overcharging for force placed insurance); *McNeary–Calloway v. J.P. Morgan Chase Bank, N.A.,* 863 F.Supp.2d 928, 955–56 (N.D. Cal. 2012 (denying defendants' motion to dismiss "[b]ecause the Court cannot say that the contracts' terms unambiguously authorize bank to charge plaintiffs").

What Scotiabank did here is worse than overcharging plaintiffs for force placed coverage - it charged plaintiffs for coverage it never obtained. That is a breach of contract.

      C.     **THE FAC STATES A CLAIM FOR VIOLATIONS OF THE VIRGIN ISLANDS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

The Virgin Islands Consumer Fraud and Deceptive Business Practices Act (the "Act"), 12A V.I.C. § 331, provides that "any person or business that is injured by a deceptive trade practice may bring a class action to protect the rights of Virgin Islands consumers for compensatory, consequential, punitive and equitable damages. The Act defines a deceptive trade practice "any false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind made in connection with the sale, lease, rental, or loan of consumer goods or services, or in the

Case: 1:18-cv-00008-WAL-GWC   Document #: 12   Filed: 06/27/18   Page 13 of 15

Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss
*Belard et al v. Scotia*; 2018-CV-8
Page 13

extension of consumer credit or in the collection of consumer debts which has the capacity, tendency or effect of deceiving or misleading consumers." 12A V.I.C. ¶ 303(e).

The FAC alleges Scotiabank violated the Act by charging plaintiffs and putative class members premiums for insurance that did not provide coverage for their homes and by falsely representing that plaintiffs' homes were insured under its force placed policy. *Id.* ¶ 111. This alleged conduct meets the definition of a deceptive trade practice. Charging consumers for nonexistent insurance is misleading.  So is representing that plaintiffs' properties are insured when they are not.

 Scotiabank argues that force placed insurance is not merchandise under the Act. The Act defines merchandise as "any article of commerce usually sold directly to the consumer."  12A V.I.C. § 303(g).  But § 331, under which plaintiffs' are suing, does not use the word merchandise.  Rather it refers to "deceptive trade practices," which is defined as a misleading statement made in connection with the sale of goods or services. *See* 12A § 303(e).

Scotiabank also argues that plaintiffs are not consumers under the Act . The Act defines "consumer" as any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household."  According to Scotiabank, plaintiffs are not consumers because Scotiabank is the named insured under the force placed policy.  This argument fails.  Section 331 does not use the word consumer.  Rather, it applies to "any person" injured by a deceptive trade practice.  An in any event, plaintiffs did in fact purchase force placed coverage in that they paid for the coverage and benefited  from it.

Finally, Scotiabank argues that plaintiffs' claim under the Act is a fraud claim in disguise and therefore must be pled with particularity under Federal Rule of Civil Procedure 9(b).  That is wrong.  Nothing in the language of the Act requires a plaintiff to

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 14 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def. Renewed Motion To Dismiss**
*Belard et al v. Scotia*; 2018-CV-8
Page 14

prove that a defendant acted with fraudulent intent. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) ("Because [New York's deceptive trade practice act] extends well beyond common-law fraud to cover a broad range of deceptive practices, and because a private action under [the Act] does not require proof of the same essential elements (such as reliance) as common-law fraud, an action under [the Act]is not subject to the pleading-with-particularity requirements of Rule 9(b), but need only meet the barebones notice-pleading requirements of Rule 8(a)."). Nor does plaintiffs' claim under the Act depend on allegation that Scotiabank acting with an intent to defraud. FAC ¶ 111. Thus, plaintiffs were not required to plead their claim under the Act with particularity.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Scotiabank's motion to dismiss.

**COLIANNI & COLIANNI, LLC**
Attorneys for Plaintiffs

DATED: June 27, 2018      By:    /s/Vincent Colianni, II
Vincent Colianni, II
Vincent A. Colianni
1138 King Street
Christiansted, VI 00820
Telephone: (340) 719-1766
Facsimile: (340) 719-1770

Case: 1:18-cv-00008-WAL-GWC Document #: 12 Filed: 06/27/18 Page 15 of 15

**Plaintiff's Rsp. and Memo of Law in Opp. to Def.  Renewed Motion To Dismiss**
*Belard et al v. Scotia*; 2018-CV-8
Page 15

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 27th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, which will send a notification of such filing (NEF) to the following:

Carol A. Rich, Esq.
Malorie Winne Diaz, Esq.
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
crich@dudleylaw.com
mdiaz@dudleylaw.com                   /s/Vincent Colianni, II