IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>BANK OF NOVA SCOTIA,<br>　　　　　　　　　　　　Defendant. | 1:18-CV-00008<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**OPPOSTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Briefing is complete on Scotiabank's Renewed Motion to Dismiss. In a desperate attempt to delay the inevitable dismissal of this meritless case, Plaintiffs now seek leave to file a Sur-Reply.[1] Plaintiffs have alleged no facts to support their allegations that Scotiabank has "perpetrated a cover-up and a charade" because "there was no force-placed policy" and they were all actually uninsured. *FAC ¶¶ 27-28*. Plaintiffs concede that Scotiabank sent notices on November 10, 2017 directing its borrowers to provide notices of loss and on January 30, 2018, advising borrowers that they were insured under Scotiabank's master policy *effective August 1, 2018*. FAC ¶ ¶ 24, 26. Plaintiffs also admit that Scotiabank sent insurance adjusters to inspect their properties. *Opp. to Renewed Motion to Dismiss*, at p. 2; *FAC* ¶ 28, 29.

---

[1] The pleading Plaintiffs' seek to file would actually be a Sur-Response, and if allowed, would require the Court to allow Scotiabank to file a Sur-Reply to the Sur-Response, since Scotiabank, as the moving party, should have the right to the last word.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **2** of **9**

Plaintiffs seek leave to present additional "evidence" which they claim is related to the January 30, 2018 "**NOTICE OF RENEWAL OF LENDER PLACED INSURANCE EFFECTIVE AUGUST 1, 2017**" which contained specific information regarding the coverage applicable to each property under Policy Number #CPO280097411. Ironically, the so-called "new evidence" that Plaintiffs now seek leave to provide to the Court actually supports *Scotiabank's* position.

## I. Sur-Replies Are Not Favored Because At Some Point Briefing Must End

"Generally, the parties are expected to succinctly address their arguments in three filings—a motion, a response and a reply—or less, if possible." *Der Weer v. Hess Oil VI. Corp.,* 64 V.I. 107, 120 (Super. Ct. 2016) (quotation marks, brackets, and citation omitted). Permission for leave to file a sur-reply is a matter "committed to the District Court's sound discretion" *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 276 (3d Cir.2001) (*citing Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir.1984). The rules exist for a reason. At some point, briefing on motions must end. *Accord Starlight Int'l, Inc. v. Herlihy,* 181 F.R.D. 494, 496 (D. Kan. 1998) ("The briefing here at issue exemplifies the need for the general rule. Each side wants to have the last word. At some point briefing must cease."); *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1070 (E.D. Wis. 1996) ("If the defendant's brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply. However, at some point, briefing must end."); *Lockrey v. Leavitt Tube Employees' Profit Sharing Plan*, 748 F. Supp. 662, 667 n.2 (N.D. Ill. 1990); *see also Acadia Health Care Co. v. Horizon Health Corp.*, 472 S.W.3d 74, 105 (Tex. Ct. App. 2015) ("We recognize this is a complicated appeal but briefing must end at some point.").

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **3** of **9**

   Scotiabank respectfully submits that we have reached that point, and no further briefing is warranted. Plaintiffs do not contend that Scotiabank violated the rules by raising new issues in its Reply. Plaintiffs' sole basis for the request for additional briefing is that they have "new evidence" which they contend supports the allegation that the January 30, 2018 notice Scotiabank sent to all FPI borrowers advising that force placed insurance had been obtained through Integrand effective August 1, 2017 was false. There is no such "evidence". Plaintiffs rely solely upon the existence of an action for declaratory relief filed on April 19, 2018 by Integrand Assurance Company against Scotiabank in Puerto Rico. Plaintiffs contend that the Court may take judicial notice of the Puerto Rico action, and that the Court may then *rely* upon the unsworn and disputed allegations in Integrand's complaint as "evidence" in deciding the motion to dismiss. The Integrand complaint is not evidence, is not relevant to any of the issues before the Court, and is not an "adjudicative fact" of which a court may take judicial notice under Fed. R. Evid. 201(b). To rely on this document in deciding the motion to dismiss would be clear error. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1077 (7th Cir.1997).

  **II. The Court Cannot Take Judicial Notice of the Disputed Allegations in the Integrand Complaint**

   Plaintiffs improperly seek to use "judicial notice" to ask this Court to accept as true the allegations in a translated copy of an unverified complaint filed in Puerto Rico by Integrand Assurance Company, Scotiabank's' Master Policy holder. Unverified allegations made by a non-party in a complaint filed in another lawsuit are not evidence, but are only unsubstantiated hearsay. A party with no direct personal knowledge cannot offer what are no more than his own

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **4** of **9**

"arguments and opinions based on evidence and pleadings from other actions".  *See*, *Arrowood Indem. Co. v. Hartford Fire Ins. Co*., 774 F.Supp.2d 636, 648 (D. Del. 2011).   Plaintiffs seek to grossly misuse the limited exception for judicial notice of "Adjudicative Facts" under Federal Rule of Evidence Rule 201(b), which only allows judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Disputed allegations made by a non-party in a complaint in another jurisdiction are not "adjudicative facts" about which a court may take judicial notice.

Federal Rule of Evidence Rule 201, "Judicial Notice of Adjudicative Facts" provides in relevant part:

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Before a court can take judicial notice of any information from another judicial proceeding, Rule 201(b) requires that the proponents must  show that the facts they seek to put before the Court are (1) not subject to  reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir.1997).  For example, a court may properly take judicial notice of the dates on which certain actions were taken or were required to be taken in  other litigation, as these are the type of  "facts readily ascertainable from the public court record and not subject to reasonable dispute". *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012); *citing Henson v. CSC Credit*

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **5** of **9**

*Servs*., 29 F.3d 280, 284 (7th Cir.1994); *see also In re Warfarin Sodium Antitrust Litig.,* 214 F.3d 395, 398 (3d Cir.2000)

It was reversible error for the district court to make a determination on a motion to dismiss by taking judicial notice of "facts from a prior unrelated proceeding and from a private document submitted in that proceeding." The court could not properly take judicial notice without first determining that the proffered facts were indeed undisputed and also that the accuracy of the sources relied upon for those facts could not reasonably be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074,1077 (7th Cir.1997).

The concept of judicial notice comes from the premise that there are certain categories of facts which a court may accept as true without requiring additional proof from the opposing parties. Rule 201(b) codifies an adjudicative device that "substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp.,* 128 F.3d at 1077; *York v. American Tel. & Tel. Co.,* 95 F.3d 948, 958 (10th Cir.1996); *Wesley–Jessen Div. of Schering Corp. v. Bausch & Lomb Inc*., 698 F.2d 862, 865 (7th Cir.1983). "Judicial notice, therefore, merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Capital Corp.,* 128 F.3d at 1077. Even where the fact comes from a previous finding, its application to a latter proceeding "must be beyond reasonable dispute before a court may take judicial notice because "the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id*., *quoting*, *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994).

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **6** of **9**

    While courts may take judicial notice of the actions of other courts or the contents of filings in other courts, a request to take judicial notice of the contents of hearsay statements in such filings to prove the truth of the matters asserted is another matter entirely. A court may take judicial notice of findings of fact from another court proceeding, but even then, only if, among other requirements, the fact is "not subject to reasonable dispute." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016), *citing General Electric*, 128 F.3d at 1082, *quoting* Fed. R. Evid. 201(b); *see also Hennessy v. Penril Datacomm Networks, Inc*., 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Judicial notice is a powerful tool that must be used with caution. *General Electric*, 128 F.3d at 1081. *Daniel v. Cook County*, 833 F.3d at 742.

    Taking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice. *See, United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994)(stating that the effect of judicially noticing a fact is to preclude the opposing party from introducing contrary evidence and essentially direct a verdict against him as to the noticed fact). *See also, Liberty Mutual Insurance Co. v. Rotches Pork Packers Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992)

    Courts may take judicial notice of other judicial proceedings to establish the fact of such litigation or to recognize the outcome. *See Opoka v. Immigration & Naturalization Serv*., 94 F.3d 392, 395 (7th Cir.1996). But "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388 (2d Cir.1992). A court may only take judicial notice of another court's opinion for the existence of

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **7** of **9**

the opinion, which is not subject to reasonable dispute over its authenticity, but not for the truth of any facts recited therein. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir.1999). Whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances the case. *Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir.1947).

There is an important distinction between judicially noticing the existence of other proceedings and judicially noticing the truth of facts averred in those proceedings. *Southern Cross Overseas Agencies,* 181 F. 3d at 427, n 7*, citing* 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5106, at 247 (1999 Supp.). In short, there is a difference between existence and truth. *Colonial Leasing Co., Inc. v. Logistics Control Group Int'l,* 762 F.2d 454, 459 (5th Cir.1985).

The unsworn and disputed allegations in the Integrand complaint are not relevant to any issue raised in the Renewed Motion to dismiss. Every allegation in the Integrand complaint upon which Plaintiffs seek to rely is disputed. The Court would have to conduct a review of the pleadings submitted by each side in the Puerto Rico action, which would only establish that there is no dispute that Scotiabank procured Commercial Policy #CPO280097411 from Integrand, that Integrand issued Endorsements for the USVI properties and began to process claims, and it was only later (*after* the November 10, 2017 and January 30, 2018 notice letters) that Integrand tried to rescind the Endorsements and deny coverage.[2] The only "fact" that the Court could properly

---

[2] Scotiabank has protected Plaintiffs, and all of its borrowers, from the short term consequences of Integrand's bad faith by cooperating with its broker and professional adjusters to process and then fund payment of Scotiabank's FPI claims, pending collection of the proceeds due from Integrand. Plaintiffs' claims have all been processed and settled, and they have either received and cashed checks for full or partial payment of the proceeds, or have directed

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **8** of **9**

"notice" from the Puerto Rico lawsuit is that there is a coverage dispute between Scotiabank and its FPI insurer—a fact that supports *Scotiabank's* position in this case--not Plaintiffs'.

### III.  Conclusion

Plaintiffs' request for leave to file a Sur-Reply should be denied, because it will serve no purpose. In the alternative, should Plaintiffs be permitted additional briefing, Scotiabank, as the moving party, must be permitted the right to respond.

DATED: September 14, 2018                     Respectfully Submitted,

**DUDLEY RICH LLP**

By: __/s/ Carol Ann Rich____
Carol A. Rich, Esq., V.I. Bar No. 171
Malorie Winne Diaz, Esq., V.I. Bar No. R2049
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
Telephone: (340) 774-7676
Telecopier: (340) 776-8044
crich@dudleylaw.com
mdiaz@dudleylaw.com

*Attorneys for Bank of Nova Scotia*

---

that the proceeds be applied to their loan balances. The application of proceeds was based upon Scotiabank's procedures applicable to all borrowers, which are based upon Fannie Mae guidelines.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Opposition to Motion for Leave to File Sur-Reply
Page **9** of **9**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2018, I electronically filed the foregoing **Opposition to Motion For Leave to File Sur-Reply** with the Clerk of the Court using CM/EFC system, which will send a notification of such (NEF) to the following:

Vincent Colianni, II
Vincent A. Colianni
1138 King Street
Christiansted, St. Croix
mailbox@colianni.com

*/s/Carol Ann Rich*