# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

LORETTA S. BELARDO, ANGELA )
TUITT-SMITH, BERNARD A. SMITH, )
YVETTE ROSS-EDWARDS, AVON )
CANNONIER, ANASTASIA M. )
DOWARD, DARYL RICHARDS, )
EVERTON BRADSHAW, RODELIQUE )
WILLIAMS-BRADSHAW, PAMELA )
GREENIDGE and WINSTON )    2018-CV-8
GREENIDGE, on behalf of themselves )
and all others similarly situated, )    **CLASS ACTION**
              Plaintiffs, )
                   )
          v. )
                   )
BANK OF NOVA SCOTIA, )
             Defendant. )
                   )

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY BRIEF

## I.    INTRODUCTION

Scotiabank continues to make false statements in an attempt to have this case dismissed. It continues to represent to the Court that its Virgin Islands properties were insured a the time of Hurricanes Irma and Maria even though it knows full well that they were not. Plaintiffs' surreply will show beyond doubt that Scotiabank knew that its force-placed insurer had refused to retroactively insure its Virgin Islands properties at the time it told plaintiffs their properties were insured.

Plaintiffs motion for leave to file a surreply is not a desperate attempt to avoid dismissal. Far from it. Plaintiffs' opposition is more than sufficient to defeat dismissal -

**P. Reply Memorandum in Support of Motion For Leave To File Surreply Brief**
*Belardo et al v. Scotia*; 2018-CV-8
Page 2

the opposition demonstrates that the FAC alleges specific and sufficient facts to state a plausible claim for relief.

The point of the surreply is to show that Scotiabank knew that its insurer had denied coverage when it represented to plaintiffs that there was coverage, as well as to present an additional factual basis for plaintiffs' claims that Scotiabank failed to insure their properties at the time of the hurricanes and unsuccessfully attempted to retroactively insure the properties after the hurricanes.

Leave to file a surreply should be granted.

## II. THE SURREPLY WILL NOT ASK THE COURT TO TAKE JUDICIAL NOTICE OF THE TRUTH OF THE ALLEGATIONS IN THE INTEGRAND LAWSUIT

Scotiabank's reply memorandum relies heavily on a January 30, 2018 letter it sent to plaintiffs informing them that they were insured under a forced-placed policy at the time of the hurricanes. Plaintiffs' opposition argues that the letter is self-serving, that its representations cannot be taken as true, and that it does not undercut plaintiffs' allegations in the FAC.[1] Plaintiffs' surreply will go a step further. Based on the Integrand

---

[1]It is important to note that the surreply will address and rebut the contents of a document - the January 30 letter - that Scotiabank improperly submitted and relied on in its motion to dismiss and reply brief. In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents. *DeLuca v. Access IT Group, Inc.,* 695 F.Supp.2d 54, 60 (S.D.N.Y. 2010) "[L]imited references are insufficient to incorporate documents or exhibits into the complaint". *Sahu v. Union Carbide Corp.,* 548 F.3d 59, 67–68 (2d Cir. 2008).

Here, the January 30 letter was not incorporated by reference. The FAC merely refers to the January 30 letter as a document that falsely represents that Scotiabank insured its Virgin Islands properties. The FAC does not make substantial reference to the letter.

The court may also consider documents that are integral to the complaint. A document will be considered integral to the complaint where the plaintiff's claim cannot be evaluated without some reference to that document. *Angstadt v. Midd–West School District*, 377 F.3d 338, 342 (3d Cir .2004).

**P. Reply Memorandum in Support of Motion For Leave To File Surreply Brief**
*Belardo et al v. Scotia;* 2018-CV-8
Page 3

lawsuit, the surreply will show that the representations made in the January 30 letter are flat-out false because Scotiabank knew its insurer had denied coverage when it sent the January 30 letter to plaintiffs.

Contrary to Scotiabank's argument, the court can take judicial notice of the filing of the Integrand lawsuit and consider the lawsuit in ruling on the motion to dismiss. On a motion to dismiss, the court may "consider matters of which judicial notice may be taken" under Federal Rules of Evidence 201. Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions. *Schenk v. Citibank/Citigroup/Citico*, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010); *see also Anderson v. Rochester–Genesee Regional Transp. Auth.*, 337 F.3d 201, 205 (2d Cir. 2003) (taking judicial notice of a district court opinion that was not submitted as part of the record on appeal); *Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a complaint filed in another action).

When courts take judicial notice of documents filed in other courts, it is "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.*, 146 F.3d 66, 70 (2d Cir. 1998).

Here, the surreply will ask the court to take judicial notice of the filing of the Integrand lawsuit and of the allegations it contains. The surreply will not ask the court to take judicial notice of the truth of the facts alleged in the Integrand complaint.

---

The January 30 letter does not meet this test. The core allegation of the FAC is that Scotiabank failed to obtain force-placed insurance for its Virgin Islands properties despite charging plaintiffs premiums for that insurance. The January 30 letter, which falsely represents that Scotiabank did insure plaintiffs' properties, is not necessary to evaluate this claim.

**P. Reply Memorandum in Support of Motion For Leave To File Surreply Brief**
*Belardo et al v. Scotia*; 2018-CV-8
Page 4

The Integrand lawsuit shows - consistent with the allegations in the FAC - that Scotiabank knew its insurer had denied coverage when it told plaintiffs that they were insured. Also, the Integrand lawsuit's detailed allegations that Scotiabank unsuccessfully tried to retroactively insure its Virgin Islands properties after the hurricanes further establishes that there is a strong factual basis for the FAC's allegations. Again, the Integrand lawsuit is not necessary for plaintiffs to defeat Scotiabank's motion to dismiss. But it will give the Court additional information showing that the FAC contains sufficient facts to state a plausible claim for relief.

Finally, Scotiabank argues that the Integrand lawsuit actually supports its arguments because the lawsuit shows that it had obtained insurance and that only the extent of coverage is in dispute. The opposite is true. The surreply will show that Scotiabank knew its own insurer had refused to provide retroactive coverage for its Virgin Islands properties at the time it assured plaintiffs that they were insured.

III.    CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion for leave to file a surreply brief.

**P. Reply Memorandum in Support of Motion For Leave To File Surreply Brief**
*Belardo et al v. Scotia*; 2018-CV-8
Page 5

**COLIANNI & COLIANNI, LLC**
Attorneys for Plaintiffs

DATED: September 28, 2018      By:    /s/Vincent Colianni, II                        
                                            Vincent Colianni, II
                                            V.I. Bar No. 768
                                            Vincent A. Colianni
                                            V.I. bar No. 13
                                            Marina Leonard
                                            V.I. bar No. R2058
                                            1138 King Street
                                            Christiansted, VI 00820
                                            Telephone: (340) 719-1766
                                            Facsimile: (340) 719-1770

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, which will send a notification of such filing (NEF) to the following:

Carol A. Rich, Esq.
Malorie Winne Diaz, Esq.
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
crich@dudleylaw.com
mdiaz@dudleylaw.com                        /s/Vincent Colianni, II