## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE, and WINSTON GREENIDGE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NOVA SCOTIA<br><br>Defendant. | 2018-CV-8<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs respectfully move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint ("SAC").[1]  The proposed SAC contains a modest number of new factual allegations, new causes of action, and an additional defendant.

In the period since Plaintiffs filed their First Amended Complaint ("FAC"), counsel learned of related litigation pending in the Commonwealth of Puerto Rico, Court of First Instance in the Superior Part of San Juan—*Integrand Assurance Co. v. Scotiabank of Puerto Rico, Inc., and Bank of Nova Scotia* (the "*Integrand* lawsuit"), Civ. No. SJ2018CV01442.  The *Integrand* lawsuit provided undersigned counsel with evidence that the Bank of Nova Scotia ("BNS") and Scotiabank de Puerto Rico, Inc. ("BNS-PR") were fully knowledgeable of the dispute regarding the availability of lender-placed coverage for properties in the Virgin Islands.  Based on this new evidence, Plaintiffs found it necessary to amend and supplement the complaint.

---

[1] A clean and a red-lined version of the proposed SAC are attached to this Motion as Exhibits A and B, respectively.

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

The proposed SAC places all known factual allegations, causes of actions, and parties before the Court in one pleading. Plaintiffs' motion promotes judicial efficiency and supports conservation of judicial resources. Granting leave to file the SAC will substantially advance this litigation and permit the Court to fully consider the merits of this case. Moreover, the Court should grant the motion because (1) Plaintiffs have not made it in bad faith or with dilatory motive or undue delay; (2) the SAC is not futile; (3) neither BNS nor BNS-PR can show unfair prejudice; and (4) allowing this amendment furthers the interests of justice.

## BACKGROUND & FACTS

Plaintiffs own properties in the Virgin Islands mortgaged by BNS. BNS charged Plaintiffs for lender-placed insurance, but failed to ensure that Plaintiffs' properties were continually covered under BNS' hazard insurance policy. As a result of BNS' failure, Plaintiffs' homes were not covered by hazard insurance when Hurricanes Irma and Maria struck the Virgin Islands in September of 2017. Rather than come clean about its failure to Plaintiffs, BNS undertook a massive misinformation campaign to prevent Plaintiffs from learning the unfortunate truth.

Plaintiffs brought this class action, on behalf of themselves and the putative class, against BNS on March 20, 2018.[2] BNS filed a motion to dismiss on April 12, 2018, and Plaintiffs subsequently filed the FAC on April 27, 2018.[3] On May 30, 2018, BNS filed its renewed motion to dismiss, which motion is currently pending before the Court.[4]

After the FAC was filed and after much of the briefing for the renewed motion to dismiss was complete, counsel for Plaintiffs learned of the *Integrand* lawsuit. In the *Integrand* lawsuit, Integrand Assurance Company ("Integrand") seeks a declaration regarding the extent of lender-placed insurance

---

[2] Rec. Doc. 1.

[3] Rec. Docs. 3 & 5.

[4] Rec. Doc. 10.

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

coverage it owes to BNS and BNS-PR for properties in the Virgin Islands and Puerto Rico. The existence of the *Integrand* lawsuit confirmed not only that a dispute existed regarding the availability of lender-placed coverage for BNS borrowers in the Virgin Islands but, more importantly, that BNS was fully knowledgeable of the dispute. Further, Integrand alleges that BNS-PR was the loan servicer at the time when coverage lapsed and that BNS-PR is a named insured under the insurance policy issued by Integrand. Based on this new information, Plaintiffs filed a motion for leave to file a surreply brief on August 17, 2018, asking the Court to take judicial notice of the *Integrand* lawsuit.[5] BNS opposed the motion, Plaintiffs filed a reply brief, and the motion is currently pending before the Court.[6]

Plaintiffs now file this motion for leave to file the SAC in order to: (1) clarify the allegations in light of the *Integrand* lawsuit; (2) add BNS-PR as a defendant after learning of its potential culpability through the *Integrand* lawsuit; (3) state new causes of action supported by the facts alleged; and (4) supplement the allegations with supporting exhibits.

In particular, Plaintiffs seek to add the following causes of action in the SAC: (1) breach of the implied duty of good faith & fair dealing, (2) unjust enrichment, (3) negligent misrepresentation; (4) fraudulent misrepresentation, (5) conversion, and (6) general negligence.

Plaintiffs also seek to add the following new exhibits in support of the SAC: (1) a January 30, 2018 form letter sent by BNS to its Virgin Islands borrowers advising that BNS insured the borrowers' properties under its master policy; (2) a February 21, 2018 form letter sent by BNS to its Virgin Islands borrowers stating that it was making efforts to process lender-placed insurance; (3) a certified copy of the first amended complaint in the *Integrand* lawsuit; and (4) a November 13, 2017 letter sent by BNS to Plaintiffs Angela Tuitt-Smith and Bernard A. Smith identifying Marsh Saldana as an insurance carrier.

---

[5] Rec. Doc. 16.

[6] Rec. Docs. 20 & 21.

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

As of the day of filing this motion, a scheduling order has not yet been issued, discovery has not yet commenced, and the Court has not ruled on any motion to dismiss.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule continues: "The court should freely give leave when justice so requires."[7]

BNS has declined to provide its written consent to this motion, rendering leave of court as the only means to amendment. The Court should grant leave here because Plaintiffs have satisfied the standard set forth by Rule 15 and have not sought leave in bad faith or with dilatory motive or undue delay; the SAC is not futile; BNS cannot show unfair prejudice; and allowing amendment furthers the interests of justice.

**A.    Plaintiffs have met the standard for obtaining leave to file an amended complaint under Rule 15.**

This Court has recognized that Rule 15(a) requires that leave to amend be granted freely "when justice so requires."[8] The facts in this case clearly demonstrate that Plaintiffs have satisfied the Rule 15 standard. Plaintiffs seek leave to file this SAC prior to issuance of a scheduling order, prior to the undertaking of any discovery, and before the Court has issued an order on BNS' motion to dismiss. The purpose of the SAC is to put all necessary allegations, causes of actions, and parties before the Court at this early stage of litigation in the interest of judicial economy. Furthermore, the amendments of the SAC are informed by the information gleaned by counsel from the *Integrand* lawsuit, which counsel only learned about in August of 2018. For all of these reasons, Plaintiffs have met the standard for obtaining leave to file the SAC.

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *See, e.g., Magras v. De Jongh*, No. 2010-091, 2013 WL 692510, at *10 (D.V.I. Feb. 26, 2013) (Lewis, J.) (quoting Fed. R. Civ. P. 15(a)(2)).

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

**B.      No "substantial reason" exists to prevent leave to amend.**

"The Third Circuit has embraced a liberal approach to granting leave to amend pleadings under Rule 15(a)(2) in order to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'"[9] Because of the liberal pleading philosophy embodied in Rule 15(a), "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust."[10]

In essence, leave to amend should be granted *unless* the court finds a "substantial reason" to deny the relief.[11]  The Court has discretion to deny leave when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."[12]

When counsel for BNS advised that it would vigorously oppose Plaintiffs' motion for leave, counsel for BNS did not specify the nature of the opposition.  However, none of the equitable factors weigh against granting Plaintiffs leave to file the SAC and, in fact, the relevant information supports a finding that leave should be granted.

**1.      Plaintiffs have not demonstrated delay, bad faith, or dilatory motives.**

Plaintiffs seek to file the SAC prior to the commencement of any discovery, before the parties have made their initial disclosures, before the court has issued a scheduling order, and before the Court has ruled on a renewed motion to dismiss or a motion to file a surreply.  To date, a trial date has not even been set for this matter.  In short, this case is in its earliest stages, and it cannot credibly be argued that Plaintiffs have engaged in any undue delay or exhibited bad faith or dilatory motives by seeking leave to amend now.

---

[9] *Victor v. Varano*, No. 3:11-CV-891, 2012 WL 2367095, at *5 (M.D. Pa. June 21, 2012) (*quoting Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

[10] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

[11] *Westport Ins. Corp. v. Hippo Fleming & Pertile Law Offices*, 319 F.R.D. 214, 219 (W.D. Pa. 2017).

[12] *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

Courts only deny motions to amend based on "undue delay" in situations involving egregious circumstances like, for example, when parties wait for **years** to amend without providing an adequate justification for the delay.[13]

Unlike in the cases cited above, Plaintiffs filed the SAC approximately seven months ago, and Plaintiffs have been aware and fully reviewed the *Integrand* lawsuit only recently. Moreover, no discovery or motion practice has taken place within the last four months. In cases more similar to the instant matter, district courts have routinely found no undue delay.[14]

This motion is brought in good faith and there is no dilatory intent. In fact, the very reason Plaintiffs seek leave to file the SAC now is to support the efficient use of the Court's resources. Accordingly, the Court should find that Plaintiffs did not demonstrate undue delay, bad faith, or dilatory motives in their motion for leave to file the SAC.

---

[13] *See, e.g., Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that plaintiff's delay in amending her complaint was "unreasonable" when three years passed between the filing of the lawsuit and proposed amendment); *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of post-judgment motion to amend when the motion was filed three years after the complaint was filed and the information upon which the proposed amendment relied was known two-and-a-half years before the motion was filed); *Williams v. Cost-U-Less, Inc.,* No. CV 2011-025, 2014 WL 2993667, at *6 (D.V.I. July 3, 2014) (Lewis, J.) (finding the magistrate judge's conclusion that plaintiff demonstrated undue delay not clearly erroneous when plaintiff waited more than two-and-one-half years to add breach of contract claim).

[14] *See, e.g., Conover v. Rash Curtis & Assocs.,* No. 315CV08381FLWTJB, 2016 WL 3708656, at *2 (D.N.J. July 12, 2016) (holding that motion did not constitute undue delay when it was filed six months after filing of initial lawsuit and the information relied upon in the amended complaint was known to plaintiff at the initial time of filing); *Richardson v. Allied Interstate, Inc.,* No. CIV.A.09-2265(FLW), 2010 WL 3404978, at *6 (D.N.J. Aug. 26, 2010) (finding that there was no undue delay when "the delay in amendment was only seven months" and the deadline for discovery had not yet expired); *see also Nat'l Black Chamber of Commerce v. Busby,* 795 F. Supp. 2d 1, 6 (D.D.C. 2011) ("Although approximately five months have elapsed since the plaintiff filed its first amended complaint, it is nonetheless unlikely that any undue prejudice will arise from amendment at this early stage in the litigation.").

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

**2. The proposed SAC is not futile.**

BNS bears the burden of establishing that Plaintiffs' proposed amendments are futile, and "given the liberal standard applied to the amendment of pleadings, that burden is a heavy one."[15] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[16] Thus, the Court applies the same standards for a Rule 12(b)(6) motion as it does for a futility analysis.[17]

Here, the allegations of the SAC would survive a 12(b)(6) analysis and would not be futile. As more fully set out in the briefing for BNS' renewed motion to dismiss,[18] the claims and allegations of Plaintiffs' FAC withstand 12(b)(6) analysis. The proposed SAC only strengthens the pleading, by adding new relevant factual details and by including exhibits in support of the allegations. Because the allegations of the SAC satisfy the Rule 12 pleading requirements, the SAC is not futile.

**3. Plaintiffs' proposed amendment does not prejudice BNS.**

Of all the factors considered by the Court, "prejudice to the non-moving party is the touchstone for the denial of an amendment."[19] The non-moving party cannot prevail by simply claiming that an amendment is prejudicial; rather, "[the non-moving party] must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."[20]

---

[15] *Lewis v. United Food & Commercial Workers Local Union 464A*, No. 2:14-CV-07467-JLL, 2015 WL 4414586, at *3 (D.N.J. July 17, 2015) (internal citations omitted).

[16] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[17] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[18] *See* Rec. Doc. 12.

[19] *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

[20] *Mash v. Twp. of Haverford Dep't of Codes Enf't*, No. CIV.A. 06-4497, 2007 WL 1490511, at *2 (E.D. Pa. May 18, 2007) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

In this case, BNS cannot credibly claim that it would be prejudiced by the filing of the SAC. Discovery in this action has not even begun, and the Court has not yet ruled on BNS' renewed motion to dismiss. As mentioned above, this case is in the very early stages, which is precisely the time for making such amendments.

**4. The interests of justice support amendment.**

The equities weigh heavily in favor of granting Plaintiffs leave to amend. Plaintiffs will face substantial prejudice if they are prevented from adding these new allegations and causes of action. In addition, Plaintiffs will be prejudiced if they are prevented from adding BNS-PR as a defendant, as it is now apparent that BNS-PR's conduct may have been central to the losses sustained by Plaintiffs. The proposed SAC contains significant factual detail and includes all necessary parties. By granting Plaintiffs' motion for leave to file this updated pleading, the Court will promote efficient use of judicial resources.

*****

For the reasons identified above, the Court should grant Plaintiffs motion for leave to file their proposed Second Amended Complaint.

**DATED**: December 28, 2018                    Respectfully submitted,


                                               /s/ Korey A. Nelson
                                               _____
                                               Korey A. Nelson (V.I. Bar No. 2012)
                                               **BURNS CHAREST LLP**
                                               365 Canal Street, Suite 1170
                                               New Orleans, LA 70130
                                               Telephone: (504) 799-2845
                                               Facsimile: (504) 881-1765
                                               knelson@burnscharest.com

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

Vincent Colianni, II (V.I. Bar No. 768)
Vincent A. Colianni (V.I. bar No. 13)
**COLIANNI & COLIANNI**
1138 King Street
Christiansted, VI 00820
Telephone: (340) 719-1766
Facsimile: (340) 719-1770
mailbox@colianni.com

J. Russell B. Pate, Esq. (V.I. Bar No. 1124)
**THE PATE LAW FIRM**
P.O. Box 890
St. Thomas, USVI 00804
Telephone: (340) 777-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com

*Belardo et al. v. Bank of Nova Scotia*, 2018-CV-8
Plaintiffs' Motion for Leave to File Second Amended Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day December, 2018, a copy of the foregoing was served by

email and CMECF on the following persons:

**Carol Ann Rich**
Dudley & Rich
5194 Dronningens Gade
Suite 3
St. Thomas, VI 00802
340-776-7474
340-776-7474 (fax)
crich@dudleylaw.com


*Attorneys for Plaintiffs*


```
                                              /s/ Korey A. Nelson
```
``` Korey A. Nelson (V.I. Bar No. 2012)
                                        **BURNS CHAREST LLP**
                                        365 Canal Street, Suite 1170
                                        New Orleans, LA 70130
                                        Telephone: (504) 799-2845
                                        Facsimile: (504) 881-1765
                                        knelson@burnscharest.com