IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BANK OF NOVA SCOTIA,<br>Defendant. | 1:18-CV-00008<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR A RULE 16 SCHEDULING ORDER**

**Introduction**

Defendant, the Bank of Nova Scotia, respectfully suggests that in this particular matter, issuance of a Rule 16 scheduling order at this time would be premature, and a potential waste of time and resources. A Rule 16 Order is normally appropriate once all parties are before the Court and the initial pleadings have closed. Neither has yet happened in this case. The Defendant's renewed motion to dismiss has not been resolved, and Plaintiffs are now seeking to add six new counts and an additional defendant—a motion that Defendant has vigorously opposed. As a consequence, the objectives of Rule 16 cannot be accomplished at this stage. Indeed, Rule 16 provides that once set, the schedule "may be modified only for good cause and with the judge's consent." It would be unfair and potentially prejudicial to set a schedule in this

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Response to Motion for Rule 16 Order
Page **2** of **4**

case when there may or may not be an additional defendant and when there may or may not be additional claims.

## Issuance of a Rule 16 Order Is Premature

Plaintiffs are the sole source of the delay and uncertainly that exists in the case. The first complaint was filed nearly one year ago, on February 14, 2018, in Case No. 18-cv-00004, followed by a first amended complaint, on March 14, 2018, followed by a voluntary dismissal on March 20, 2018, so that Plaintiffs could amend again without leave of court. The complaint that commenced this action was Plaintiffs' third attempt to state a claim. Scotiabank filed its motion to dismiss on April 12, 2018. (ECF 3). Instead of addressing the merits, Plaintiffs filed a First Amended Complaint (the fourth iteration) on April 27, 2018. (ECF 5). Briefing on Scotiabank's Renewed Motion to Dismiss was completed on July 17, 2018. (ECF 15). On August 17, 2018, Plaintiffs filed a motion for leave to present "new" evidence in a sur-reply, which Scotiabank opposed. Briefing was completed on that motion on September 28, 2018. (ECF 21).

Three months passed. After a flurry of appearances by new lawyers, Plaintiffs filed their Motion for leave to file a second amended complaint on December 28, 2018. The proposed Second Amended Complaint (the "SAC") is Plaintiffs' *fifth* attempt to state a plausible claim. The proposed SAC seeks to add an additional defendant, and six additional counts. Defendant has opposed the motion for leave because the SAC contains no new factual allegations that plausibly support a claim under RESPA[1] or the mortgage contracts. Absent evidence of a RESPA violation or a breach of the mortgage contracts, all of the other proposed tort-based or fraud-based claims must fail.

---

[1] The Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g).

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Response to Motion for Rule 16 Order
Page **3** of **4**

Until these motions are resolved, the parties cannot be identified, nor can there can be clarity as to whether any of plaintiffs' claims will survive. The Rule 16 order may be an exercise in futility. Plaintiffs are solely responsible for the delay in moving forward with this case. Plaintiffs' chose to amend the complaint four times over a period of nearly a year, which has caused Defendant to incur needless expense and has created unnecessary confusion.

Until the Court resolves the renewed motion to dismiss the first amended complaint, which may or may not moot the motion for leave to file the second amended complaint, we do not have all potential parties before the Court, and we do not know which claims, if any, may survive. Under these conditions, the parties are not in a positon to intelligently address discovery needs, set schedules, exchange Rule 26 disclosures or participate in a meaningful Rule 26(f) planning meeting. For example, Rule 26(f) requires the parties to address the scope and timing of discovery. It is impossible to effectively do so when we do not yet know whether there will be an additional defendant, and whether we are responding to three counts, or nine counts, or maybe only one count.

## Conclusion

It is wasteful to require Defendant to expend time and energy on a discovery plan that may be moot once the Court rules on the pending motions. For all of the foregoing reasons, Defendant respectfully suggests that issuance of a Rule 16 scheduling order is premature until the pending motions are resolved.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Response to Motion for Rule 16 Order
Page **4** of **4**

DATED:  February 7, 2019                     Respectfully Submitted,

                                             **DUDLEY RICH LLP**

                                             By:  __/s/ Carol Ann Rich_____
                                             Carol A. Rich, Esq., V.I. Bar No. 171
                                             Malorie Winne Diaz, Esq., V.I. Bar No. R2049
                                             5194 Dronningens Gade, Suite 3
                                             St. Thomas, VI 00802
                                             Telephone: (340) 774-7676
                                             Telecopier: (340) 776-8044
                                             crich@dudleylaw.com
                                             mdiaz@dudleylaw.com

                                             *Attorneys for Bank of Nova Scotia*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2019, I electronically filed the foregoing **Defendant's Response to Plaintiffs' Motion For A Rule 16 Order** with the Clerk of the Court using CM/EFC system, which will send a notification of such (NEF) to the following:

Vincent Colianni, II
Vincent A. Colianni
1138 King Street
Christiansted, St. Croix
mailbox@colianni.com

Harry Richard Yelton, Esq.
Charles Jacob Gower, Esq.
Warren Burns
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130

                                             */s/Carol Ann Rich_____*