## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>BANK OF NOVA SCOTIA,<br><br>        Defendant.<br>_____ | 1:18-cv-00008 |

TO:    Vincent Colianni, II, Esq.
        Marina Leonard, Esq.
        Korey A. Nelson, Esq.
        Warren T. Burns, Esq.
        Charles Jacob Gower, Esq.
        Harry Richard Yelton, Esq.
        Carol Ann Rich, Esq.

## **ORDER**

THIS MATTER is before the Court upon Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 42).[1] Defendant filed an opposition to the said motion. This order is issued without necessity of reply.

---

[1] Plaintiffs failed to file a complete motion and seek merely to supplement their earlier motion, which the Court already decided. In order to expedite the matter, the Court will consider Plaintiffs' earlier-filed documents in conjunction with Plaintiffs' current motion.

*Belardo v. Bank of Nova Scotia*
1:18-cv-00008
Order
Page 2

Plaintiff seeks to add a defendant and new causes of action. Defendant opposes on the grounds of futility.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Allowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). On the other hand, if an amendment would not survive a motion to dismiss, it is futile and will be denied. *Id*. at § 1487.

While Defendant presents a colorable argument against allowing Plaintiffs to amend their complaint, the Court is of the opinion that such an argument is better left for resolution by the District Judge upon any motion to dismiss or other dispositive motion.

Thus, having reviewed the proposed Second Amended Complaint and with due consideration for the policy favoring liberal allowance of amendments to pleadings, the Court will grant the motion.

*Belardo v. Bank of Nova Scotia*
1:18-cv-00008
Order
Page 3

Accordingly, it is now hereby **ORDERED:**

1. Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 42) is **GRANTED**.

2. Plaintiffs shall file forthwith their Second Amended Complaint, as it appears at ECF No. 29, Attachment #1 (Proposed Second Amended Complaint -- Clean).

ENTER:

Dated: February 15, 2019             /s/ George W. Cannon, Jr.
                                     GEORGE W. CANNON, JR.
                                     MAGISTRATE JUDGE