## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | 1:18-CV-00008 CLASS ACTION JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BANK OF NOVA SCOTIA, SCOTIABANK DE PUERTO RICO, INC. | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

The Plaintiffs' Second Amended Complaint against the Bank of Nova Scotia ("Scotiabank") and Scotiabank de Puerto Rico, Inc. ("SBPR") should be dismissed pursuant to FED. R. CIV. P. 12 (b)(1) and (6), because Plaintiffs have failed to state a plausible claim against Defendants upon which relief can be granted, under federal law or otherwise.

## I.     SUMMARY OF ARGUMENT

Plaintiffs' Second Amended Complaint (the "SAC") is Plaintiffs' *fifth* attempt to state a plausible claim under RESPA[1] or the mortgage contracts.[2] Plaintiffs' core claims are premised

---

[1] The Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g).

[2] Plaintiffs' first complaint was filed on February 14, 2018, as Case No. 18-cv-00004. Plaintiffs filed a first amended complaint, on March 14, 2018, but then voluntarily dismissed the action on March 20, 2018, so that they would not need leave of court to amend again. Plaintiffs re-filed the same claims as the initial complaint in this case on March 20, 2018. [ECF 1.] When Scotiabank filed a motion to dismiss [ECF 3], instead of addressing the merits, Plaintiffs filed a First Amended Complaint (the *fourth* iteration). [ECF 5.] Scotiabank renewed its motion to dismiss. [ECF 9.] On December 28, 2018, Plaintiffs filed a motion for leave to file the SAC [ECF 28, 29], which Scotiabank opposed. [ECF 36.] The Court allowed the SAC, rendering the renewed motion to dismiss moot. [ECF 44, 51.]

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 2 of 21

upon the false allegation that Defendants violated RESPA by charging premiums for force placed insurance ("FPI") that did not exist. The critical "fact" allegations in support of this claim are either demonstrably false, or based on hearsay and speculation.  Defendants have fully complied with RESPA. Plaintiffs' allegations that the adjustment process took too long do not state a claim under RESPA. Nor are they sufficient to state a claim under any other theory.  After five (5) deficient complaints, this case must be dismissed, with prejudice.

## II.    CAUSES OF ACTION ASSERTED IN THE SAC

The Plaintiffs are or were borrowers who obtained residential mortgage loans from Scotiabank as the lender/mortgagee. Effective August 1, 2017, SBPR took over as the servicer for Scotiabank's USVI mortgage loan portfolio.

There are nine (9) Counts asserted in the SAC.[3] Counts I-V, VIII, and IX, are alleged jointly against both Defendants. Count I alleges a violation of § 2605(m) of RESPA, which provides "all charges related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable." *SAC* ¶ 146. This Court's subject matter jurisdiction under 28 U.S.C. § 1331 is based solely on the RESPA claim. *Id.*

Counts II and III allege breach of contract and breach of the implied duty of good faith & fair dealing. Count IV alleges a violation of 12 V.I.C. § 331 (the Virgin Islands Consumer Protection Act ("VICPA"))  "by charging Plaintiffs and class members premiums for insurance that did not provide coverage for their homes and by falsely representing that Plaintiffs' and class members' properties were insured". *SAC* ¶ 169. Count V alleges unjust enrichment and Count VIII alleges conversion. Count IX alleges general negligence.

---

[3] Because this is a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim, a discussion of the deficiencies in the "Class Allegations" at paragraphs 131 through 143 is premature at this stage.

Case: 1:18-cv-00008-WAL-GWC   Document #: 54   Filed: 03/15/19   Page 3 of 21

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 3 of 21

Counts VI and VII allege negligent misrepresentation and fraudulent misrepresentation, against Scotiabank, only.

## III.    APPLICABLE LEGAL STANDARDS

### A.  Dismissal Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the factual allegations in a complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  "A motion for judgment on the pleadings should be granted if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Zimmerman v. Corbet*, 873 F.3d 414, 417 (3d Cir. 2017) (*quoting Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)).  A complaint's sufficiency is evaluated under Fed. R. Civ. P. 8(a) as interpreted by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570); *see Zimmerman*, 873 F.3d at 417–18; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A plaintiff must "plead more than the possibility of relief to survive a motion to dismiss," *Fowler*, 578 F.3d at 210, and cannot rely merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 570. A complaint that offers only "labels and conclusions," or "naked assertion[s]" devoid of "further factual enhancement," is insufficient. *Iqbal,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555, 557). The complaint must supply more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Generally, the court is limited to a review of the pleadings when considering a Rule 12(b)(6) motion, however, a court may take into account documents that are relied upon by the

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 4 of 21

plaintiffs in the complaint but are provided to the court by defendant together with a motion to dismiss. *See In re Tutu Wells Contamination Litigation,* 846 F. Supp. 1243, 1273 (D.V.I. 1993). Documents attached to a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *McCready v. EBay, Inc.,* 453 F. 3d 882, 891 (7th Cir. 2006).   A court may consider such documents as it determines whether plaintiffs have failed to state a claim, without converting the motion to dismiss into one for summary judgment. *Schmidt,* 770 F.3d at 249; *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 & n. 3 (1st Cir. 1991). This is because a plaintiff with a legally deficient claim will not be allowed to withstand a motion to dismiss simply by failing to attach the underlying documents upon which the claims are based. *Hughes v. United Parcel Serv., Inc.*, 639 Fed. Appx. 99, 103 (3d Cir. 2016) (*citing Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.,* 998 F. 2d 1192, 1196 (3d Cir. 1993)).   All exhibits attached to Defendants' motion are documents referred to or relied upon in the SAC, but not attached.

### B.  Dismissal Under Rule 12(b)(1)

This is a challenge to subject matter jurisdiction prior to the filing of an answer, and is therefore by definition a facial attack. *Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of Apostolic Faith*, 684 F.3d 413, 417 (3d Cir. 2012) (holding a Rule 12(b)(1) motion brought before discovery is necessarily a facial attack because the facts have not yet been established). *See FirstBank Puerto Rico v. AMJ, Inc.*, Civ. Action No. 2011-063, 2013 WL 4766538, at *2 (D.V.I. Sept. 4, 2013). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. S*ee Taliaferro v. Darby Township. Zoning Bd*., 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 5 of 21

standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The matter must be dismissed if the allegations on the face of the complaint, taken as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994); *United States v. Southland Gaming of the Virgin Islands, Inc.*, 182 F.Supp.3d 297, 305 (D.V.I. 2016).

### C.  Rule 9(b) Applies to the Fraud and VICPA Claims (Counts IV, VI, VII)

Counts VI and VII (misrepresentation and fraud) and Count IV, alleging a violation of the VICPA, all must be plead with particularity under FED. R. CIV. P. 9. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) ("[a] claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate 9(b)'s heightened pleading requirements") (quotations omitted); *Cadco, Ltd. v. Doctor's Associates, Inc.*, 2015 WL 7941597, at *4 (Conn. Super. Ct. Nov. 13, 2015) (unpublished) (a claim raised under a similar Connecticut statute must be "pleaded with particularity to allow evaluation of the legal theory upon which the claim is based") (quotation omitted).

Rule 9(b) requires Plaintiffs "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).  At a minimum, Plaintiffs must allege "the 'who, what, when, where and how' of the events at issue, 'or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, 2013 WL 1155430, at *13 (D.V.I. Feb. 19, 2013) *report and recommendation adopted in part, rejected in part,* 2013 WL 1155241 (D.V.I. Mar. 21, 2013) (quotation omitted).

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 6 of 21

## III.    ARGUMENT

### A.  The SAC Relies Upon False Allegations

Plaintiffs contend that all of their mortgages contain the same terms as a sample

Scotiabank mortgage that was attached to their prior complaint. *SAC* ¶¶ 28-33, 71, 79, 86, 93,

100, 108, 116, 124. These allegations are false. Copies of the Plaintiffs' mortgage contracts, with

their initials on each page, are attached as **Exhibits 1-8.**  All of the Plaintiffs' mortgages provide:

> 6.3    Should Mortgagor fail at any time to maintain such insurance coverage, Mortgagee may, *but shall not be required*, to obtain such of the coverages as Mortgagee may then elect with insurance companies of its choosing and make the required premium payment with any interest and penalties then owing.

> 6.6    If all or any part of the Property and any other property which is mortgaged or which secures the Mortgagee under the terms of a security document is destroyed or damaged at any time by any cause whatsoever while any loan or obligation secured hereby is outstanding, the Mortgagee, in its absolute discretion, may apply the proceeds of any insurance policy or any part thereof, either to the reduction or satisfaction of the amounts secured by this mortgage, or the construction, restoration or repair of the Property, in such manner as the Mortgagee may elect in tis complete discretion.

> 6.8    Unless otherwise agreed in writing, any damage to the Property covered by insurance or any application of insurance proceeds to any amount secured by this Mortgage *shall not extend or postpone the payment of amounts due under the Note*.

**Exhibits 1-8** (emphasis added). The Belardo, Ross-Edwards, Cannonier, Doward, Richards, and

Bradshaw mortgages also state:

> 6.2    …. In the event that the Mortgagee elects to force place property insurance over the Property to protect its security due to the Mortgagor's failure to obtain and maintain property insurance as provided in Section 6.1 above, the Mortgagor acknowledges and agrees that such force placed insurance coverage shall be in such amount as the Mortgagee shall in its sole and absolute discretion determine is necessary to protect its security and repayment of the obligations of the Mortgagor  to the Mortgagee. *Such coverage may or may not be sufficient to pay the Mortgagor's obligations to the Mortgagee, Further, the proceeds of any claim on force placed property insurance shall be solely for the benefit of the Mortgagee, and the Mortgagee shall have the sole and absolute right to settle any*

Case: 1:18-cv-00008-WAL-GWC   Document #: 54   Filed: 03/15/19   Page 7 of 21

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 7 of 21

> *claims involving force placed insurance* and the Mortgagor shall have no claim or any right to such proceeds unless the net proceeds therefrom exceed the total of the Mortgagor's obligations to the Bank.

**Exhibits 1-6** (emphasis added).

The core "fact" allegations in the SAC are based entirely upon allegations made by Integrand Assurance Company, a non-party, in a complaint pending in Puerto Rico. *Integrand Assurnace Company v. Scotiabank de Puerto Rico, et al.*, Civil No. SJ2018CV01442 (P.R. Super. Ct. Mar. 19, 2018).[4] Plaintiffs have no direct personal knowledge of the truth or accuracy of any of the facts alleged by Integrand. For purposes of deciding a motion to dismiss, unverified disputed allegations made by a non-party in a complaint filed in another lawsuit are not facts entitled to be taken as true, but are only unsubstantiated hearsay, which is not sufficient to support a viable claim. *Accord Arrowood Indem. Co. v. Hartford Fire Ins.* Co., 774 F.Supp.2d 636, 648 (D. Del. 2011) (Under Rule 56 a witness with no direct personal knowledge cannot offer more than his own "arguments and opinions based on evidence and pleadings from other actions" to avoid summary judgment.).

Before a court can assume the truth of factual allegations made in another judicial proceeding, Fed. R. Evid. R. 201(b) requires that the proponents to  show  the facts they seek to put before the Court are (1) not subject to  reasonable dispute; and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).  For example, a court may properly take judicial notice of the dates on which certain actions were taken, as these are the type of "facts readily ascertainable from the public court record and not subject to reasonable dispute". *Ennenga v. Starns*, 677 F.3d

---

[4] Plaintiffs attached a translated copy of the *Integrand* complaint to a prior filing. [ECF 29-7.]

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 8 of 21

766, 774 (7th Cir. 2012) (citation omitted); *see also In re Warfarin Sodium Antitrust Litig*., 214 F.3d 395, 398 (3d Cir. 2000).  It was reversible error for a district court to decide a motion to dismiss based upon judicial notice of "facts from a prior unrelated proceeding and from a private document submitted in that proceeding."  *Gen. Elec. Capital Corp.*, 128 F.3d at 1077. Even the ability of a court to take judicial notice of findings of fact from another court proceeding is limited to facts "not subject to reasonable dispute." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) (citing *General Electric,* 128 F.3d at 1082, *quoting* FED. R. EVID. 201(b)); *see also Hennessy v. Penril Datacomm Networks, Inc*., 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). In short, there is a difference between existence and truth. *Colonial Leasing Co., Inc. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985).

Plaintiffs did not provide the Court with a copy of Defendants' Answer and Counterclaims, which establish that the allegations in the SAC that are drawn from the Integrand complaint are all disputed, and therefore cannot be relied upon as "facts" to survive a Rule 12 motion.[5] Taking the Integrand complaint and Scotiabank's Counterclaim together, the Court may only take notice of the existence of the action, and of the following basic facts that are not in dispute: On November 30, 2016 Integrand issued Commercial Insurance Policy #CP-028097411-01-000000 (the "Policy") to SBPR and Scotiabank. The Policy includes a coverage endorsement for Forced Place Dwellings or Commercial Properties pursuant to the Forced Placement Coverage Commercial Property and Dwelling Insurance & Commercial Liability Insurance Endorsement (the "FPI Coverage"). The Policy included FPI Coverage for certain of Scotiabank's Virgin Islands properties from inception.  The Policy allows the insureds to add or

---

[5] Defendants' Translated Answer and Counterclaim to the *Integrand* complaint, attached as **Exhibit 9**.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 9 of 21

subtract properties from FPI Coverage by including them, or removing them, from a monthly FPI schedule of values. The monthly values report adds or subtracts properties for the *previous* month. In other words, a report submitted in September adds or subtracts properties for the month of August.[6]

The Mandatory Premium and Coverage Conditions Endorsement governs the process for payment of additional premiums over the course of the Policy based upon the coverage changes in the monthly values reports. The practice was for SBPR to submit the monthly values reports to the insurance broker, Marsh Saldana, accompanied by payments for the estimated premiums.[7] Marsh then submitted the values reports to Integrand, and Integrand issued the monthly endorsements to Marsh, each of which included an invoice amount for the premium. Integrand issued separate monthly endorsements for the Puerto Rico and USVI properties. Upon receipt of the endorsements, the premium payments were sent to Integrand. SBPR took over the servicing of certain Scotiabank USVI mortgages as of August 1, 2017, and as a result, added the mortgaged properties for which FPI was desired during the subsequent month, in accordance with the Endorsement.  Obviously, on August 1, 2017, no one knew that Hurricanes Irma and Maria would slam into Puerto Rico and the USVI in September 2017.

On January 31, 2018, Integrand issued the Endorsements for August and September 2017 for Puerto Rico and the USVI, including Endorsements 63, 64, & 68, reflecting USVI Forced Placement, Foreclosed and Repossessed coverage for the insurable values from the September 2017 report. Marsh received the Endorsements on February 2, 2018, and the premiums were remitted to Integrand. Integrand then attempted to retroactively rescind the Endorsements. On

---

[6] **Exhibit 9,** at pages 26-38,  ¶¶ 6,8,11, 14-19, 27-29, 31-32, 37, 41-43, 69, 75-79.
[7] Scotiabank therefore issued payment for the premiums with the report, and properly charged the Plaintiffs' mortgage escrow accounts for this expense.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 10 of 21

March 19, 2018, Integrand filed the declaratory judgment action in Puerto Rico. These undisputed facts establish that Defendants properly charged Plaintiffs for FPI premiums, when payment was issued, based upon the terms of the Integrand Policy. The coverage dispute arose months later, and is actively contested.

Moreover, Plaintiffs concede that after Integrand breached its obligations under the Policy, Scotiabank and Marsh engaged licensed professional adjusters to process Scotiabank's claims under the FPI Endorsements. As stated in the Counterclaim, Scotiabank and SBPR have made demand upon Integrand for payment, however, to protect its borrowers and its interests in the mortgaged properties, Scotiabank has advanced payment of the proceeds pending collection from Integrand. As a result, regardless of the outcome of the Integrand litigation, the Plaintiffs, and all of the other FPI borrowers, have not suffered and will not suffer any adverse consequences.

Plaintiffs concede that Scotiabank notified them that they had been force placed, invited them to submit notices of loss, and informed them that the claims were being processed.[8] *SAC* ¶¶ 24, 25, 27, 28. Oddly, Plaintiffs inconsistently allege that the insurance claims have not been processed, while at the same time they complain that the insurance adjusters have undervalued the claims. *SAC* ¶¶ 60-68.  In fact, ***all*** claims of loss for Plaintiffs' properties have been adjusted and paid. Scotiabank, the sole named insured, is the claimant. Scotiabank notified each FPI borrower, including the Plaintiffs, of the settlement amount recommended by the adjuster and

---

[8] Plaintiffs, Loretta Belardo, Yvette Ross-Edwards, Anastasia Doward, Daryl Richards, Everton Bradshaw, Rodelique Williams-Bradshaw, Pamela Greenidge and Winston Greenidge all affirmatively allege that Scotiabank told them the claims were being processed. *SAC* ¶¶ 76, 90, 104, 113, 120-21. Plaintiffs Angela Tuitt-Smith, Bernard A. Smith, and Avon Cannonier allege only that "Marsh Saldana" told them they were "not insured". *SAC* ¶¶ 83, 97. Marsh Saldana Inc., ("Marsh") is not an insurance company; it is Scotiabank's insurance broker. Even assuming these allegations are true, Marsh accurately informed Plaintiffs that they are not insured parties. Scotiabank is the only insured party under its' FPI policy.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 11 of 21

offered each borrower the opportunity to request a review of the recommended amount. The Smiths, Bradshaws, Greenidges, Mr. Richards, and Ms. Doward all accepted the adjusters' recommendations and have received initial insurance disbursements for repairs. Ms. Ross Edwards and Ms. Belardo accepted the adjuster's recommendations and asked Scotiabank to apply the insurance proceeds to their mortgage loans, which was done. Ms. Cannonier requested a review of the adjuster's amount based upon her contractor's estimate. The review resulted in an increased recommendation, which has been accepted.[9]

### B. The SAC Fails to State A Plausible RESPA Claim (Count I)

Plaintiffs' RESPA claim is based solely on the false claim that Defendants charged them premiums for non-existent FPI coverage. By definition, this is an admission that each of the Plaintiffs breached their obligation under their mortgages to maintain property insurance. *SAC* ¶¶ 72, 80, 87, 94, 101, 109, 117, 125.  All of the Plaintiffs have been on notice that FPI was placed only for Scotiabank's protection, at Scotiabank's absolute discretion and was cancellable at any time. [10]  Plaintiffs repeatedly ignored notices warning them of the limits of coverage under FPI and encouraging them to protect their interest in their property by purchasing private insurance. This Court has explicitly recognized that a mortgagee has no obligation to purchase FPI at all. *See Ebner v. Bank of Nova Scotia*, 1:18-cv-00002, 2019 WL 404969, at *6 (D.V.I. Jan. 31, 2019).

---

[9] **Exhibit 10** letter to Ms. Belardo confirming the payoff of her loan. **Exhibit 11**letter to Ms. Ross Edwards confirming application of the proceeds to her loan balance. **Exhibit 12** letter and check to Ms. Doward confirming application of a portion of the proceeds to bring her loan current, and payment of the rest for repairs**. Exhibits 13, 14, 15 and 16**, letters and checks to the Smiths, the Bradshaws, the Greenidges, and Mr. Richards, with disbursements for repairs. Ms. Cannonier has been notified that due to her loan status, disbursements may only be made jointly to her and a licensed contractor.  **Exhibit 17.**

[10] The fact that each plaintiff was under FPI is essential to the SAC. All Plaintiffs had been aware that they were paying premiums for the limited coverage of FPI for years. *See SAC* ¶¶ 72, 80, 87, 94, 101, 109, 117, 125. The Smiths failed to renew their insurance in 2005, and the Bradshaws in 2007. Mr. Richards has been in breach of his insurance requirement since at least 2013, and Ms. Doward has been in breach of her insurance obligation since at least 2011. *See Copies of FPI Notices*, attached as **Exhibits 18, 19, 20, and 21**.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 12 of 21

Moreover, the *Integrand* pleadings establish that Scotiabank did not fail to obtain FPI. Plaintiffs all admit that (a) they received notices of the purchase of FPI prior to August 1, 2017, (b) they received notices that Scotiabank changed loan servicers effective August 1, 2017, and (c) they received notices from Scotiabank that the FPI had been renewed, effective August 1, 2017. *SAC* ¶¶ 34, 38, 48. The mere existence of the *Integrand* lawsuit is not a RESPA violation. Plaintiffs' wild allegations are not supported by the few actual facts that Plaintiffs themselves allege: that Scotiabank hired its "own adjusters to inspect and prepare estimates for Plaintiffs' homes," that the adjusters inspected Plaintiffs' homes, and that the adjusters made recommendations as to settlement amounts. *SAC* ¶¶ 60, 61, 62. Plaintiffs have not pled any factual content that allows this Court "to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). The SAC is based upon unsupported conclusions that are entitled to no deference. The only well-pleaded facts in the SAC establish that Plaintiffs have no "plausible claim for relief." *Fowler*, 578 F.3d at 210-11.

Just as important, Plaintiffs have not suffered any harm. Their allegation that "most Plaintiffs and class members have not received the necessary insurance proceeds from [Scotiabank's and SBPR's] lender-placed insurer to either 1) repair their homes or b) apply to the sums secured by their mortgages" is demonstrably false.[11] *SAC* ¶ 67. As of the filing of the SAC, the claims for losses to Plaintiffs' properties had been adjusted and paid.  *See, SAC* ¶¶ 45, 47, 48, 50, 60, 62.  Plaintiffs do not allege that the premiums were excessive, or that FPI coverage should not have been procured, or was placed without notice. The SAC must be dismissed for

---

[11] Ms. Belardo's allegations appear crafted to avoid disclosing that her mortgage has been paid off and released with FPI proceeds. Ms. Belardo also alleges that she should not have been required to continue making mortgage payments after her home was damaged. *SAC* ¶ 77. There is simply no basis for this allegation. Ms. Belardo's mortgage unequivocally states that an event of loss or damage "shall not extend or postpone the payment of amounts due" under the mortgage loan.  *See* **Exhibit 1**, at page 3.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 13 of 21

failure to state a RESPA claim, under any theory. Because the SAC fails on its face to state a claim under RESPA, this Court lacks subject-matter jurisdiction over this action. Without a federal question, this Court cannot exercise supplemental jurisdiction over the remaining claims.

### C. Plaintiffs Failed to State Plausible Claims for Breach of Contract and Breach of the Implied Duty of Good Faith & Fair Dealing (Counts II and III)

Plaintiffs have no standing to assert any other claims relating to the FPI coverage. Scotiabank is the only named insured. Plaintiffs were on notice that the FPI coverage "protects only the lender's interest in the property pursuant to the mortgage loan." Plaintiffs did not have the right to directly submit a claim for loss to the insurance company or to be directly involved in the claims adjustment process. *See Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 639 n.3 (3d Cir. 2000) (recognizing difference between an "named insured" and an "insured" in the context of a motor vehicle insurance policy and noting that only the "named insured" had authority to change an insurance policy). Moreover, Scotiabank is the *only* party that can be injured by a  breach of the FPI policy or by unreasonable delays in adjusting FPI claims. Plaintiffs lack standing to assert claims for delay damages based upon the alleged slowness of the adjustment process. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (holding that the "irreducible constitutional minimum" of standing consists of three elements: "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision" (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-612 (1997)).

Plaintiffs' claims for breach of contract and breach of the implied duty of good faith and fair dealing are deficient for the same reasons. "Courts in the Virgin Islands have historically recognized four elements underlying a claim for breach of contract: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Watson v. LPP Mortgage,*

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 14 of 21

*Ltd.*, Case No. 1:16-cv-00078, 2019 WL 123878, at *3 n.4 (D.V.I. Jan. 7, 2019) (quoting *Phillip v. Marsh-Monsanto*, S. Ct. No. 2015-0040, 2017 WL 2334248, at *4 (V.I. May 30, 2017) (citations omitted)). The duty of good faith and fair dealing "applies to the *performance* of a contract." *Id.*

The mortgages are only contracts at issue in this matter. Plaintiffs are not parties to the Integrand Policy, which they contend does not exist anyway.[12] Pursuant to the mortgages, Scotiabank had the option, but not the obligation, to purchase FPI coverage. *Ebner supra*; *Custer v. Homeside Lending, Ind.*, 858 So.2d 233, 249 (Ala. 2003); *see Thomas and Cheryl Koziol, Inc. v. Lasalle Nat. Bank*, A-0849-12T2, 2014 WL 1660381, at *3 (N.J. Super. Ct. App. Div. Apr. 28, 2014) (unreported) (holding that the language of the mortgage permitting the lender to purchase insurance to protect its interest in the property did not place an obligation on the lender to procure insurance to protect the borrower's interests). Scotiabank elected to purchase FPI coverage for Plaintiffs' mortgaged properties, in compliance with all federal regulations, and the terms of the mortgages.

### D. The SAC Fails To State A Plausible VICPA Claim (Count IV)

Plaintiffs also fail to plead any facts that could plausibly give rise to a VICPA claim, let alone meet Rule 9's more exacting standards. Plaintiffs VICPA claim is based upon the same false allegations as the RESPA claim. *SAC* ¶ 169. Under the VICPA,

---

[12] The Plaintiffs are neither parties to the insurance contract, nor third party beneficiaries. *Alvarado v. Lexington Ins. Co.,* 389 S.W.3d 554 (Tex. Ct. App. 2012). To qualify as third party beneficiaries, the Plaintiffs would have to be able to allege that the policy contains an 'excess loss' or 'residual payment' clause or a clause providing that the insurer will adjust all personal property losses with, and pay any such proceeds to, the homeowner-borrower". *Id.* at 553-54. Courts have "denied third-party beneficiary status when the insurance policy states (1) that it does not provide coverage for loss of use, personal liability, or personal property, (2) that the mortgagee is the sole insured, (3) that the policy is intended to protect the mortgagee's interest only and not the borrower's, or (4) that all losses will be adjusted with and made payable to the named insured, the mortgage company." *Id.* at 555 (collecting cases). Plaintiffs have no compensable damages and no standing to assert direct claims under the FPI policy.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 15 of 21

> It is unlawful for any person to engage in unfair methods of competition or unfair or deceptive trade acts or practices in the conduct of any trade or commerce. In construing this chapter, consideration must be given to the interpretations of the Federal Trade Commission and the federal courts relating to 15 U.S.C. § 45 at the time of enactment of this chapter.

12A V.I.C. § 304; *see also* CONN. GEN. STAT. ANN. § 42-110b. "Any person or business that is injured by a deceptive trade practice may bring a class action to protect the rights of Virgin Islands consumers . . . ." 12A V.I.C. § 331. Importantly, "the standard of a deceptive business practice is an act which misrepresents, deceives, or unfairly influences a reasonable and objective consumer." *Id.*

The VICPA claims fail because Plaintiffs have alleged no injury. They do not contend (and could not contend) that the alleged deception about FPI had an impact on their original decision to enter into the mortgage loan agreement. *See Smith v. Wells Fargo Bank, N.A*., 158 F. Supp. 3d 91, 102–03 (D. Conn. 2016), *aff'd*, 666 Fed. Appx. 84 (2d Cir. 2016) (holding that Plaintiff failed to adequately plead alleged deception caused her injury or affected her decision). Plaintiffs assert only that they were charged for insurance and the claims adjustment process is taking too long.

 Plaintiffs are not "consumers" of FPI coverage, as defined by the VICPA. A "consumer' is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 12A V.I.C. § 303(d). Plaintiffs were "consumers" when they originally contracted with Scotiabank for their mortgage loans, however, Plaintiffs are not alleging that they are the victims of an unfair or deceptive trade practice in connection with the origination of their mortgage loans. They do not allege that Scotiabank made any "false, falsely disparaging, or misleading oral or written statement . . .  in connection with the sale, lease, rental, or loan of consumer goods

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 16 of 21

or services, or in the extension of consumer credit or in the collection of consumer debts which

has the capacity, tendency or effect of deceiving or misleading consumers." 12A V.I.C. § 303(e)

(defining "deceptive business practice"). Their claim is based upon the provision in the mortgage

loan agreements that permits Scotiabank to force place insurance at the borrower's expense.

*McClancy v. Bank of Am., N.A.*, 168 A.3d 658, 665 (Conn. App. Ct. 2017) (granting summary

judgment to defendant on CUPTA claim because defendant was under no obligation to grant

plaintiff a loan modification and mortgage expressly gave the defendant the right to transfer the

loan servicing rights).

Scotiabank is the FPI consumer. Scotiabank negotiated for and is the named insured

under the FPI policy. The FPI coverage was purchased by Scotiabank to protect Scotiabank's

interest in the mortgaged property, because the Plaintiffs failed to comply with their contractual

obligation to keep the property adequately insured. Plaintiffs cannot state a VICPA claim based

solely upon Scotiabank's assertion of its right to enforce a particular term in a pre-existing

mortgage contact. *See Halkiotis v. WMC Mortgage Corp.*, 144 F.Supp.3d 341, 360 (D. Conn.

2015) (holding there was no CUPTA violation where allegations of the "substantial amount of

charges, penalties, and late fees" the borrower incurred was a result of his own failure to submit

sufficient monthly payments).

Scotiabank's decision to include Plaintiffs' properties in its FPI portfolio in no way

influenced Plaintiffs' decisions as reasonable and objective consumers. *See* 12A V.I.C. § 304.

Plaintiffs have always had the opportunity to purchase their own homeowner's insurance

policies. They did not do so. Plaintiffs' allegations about the charges for FPI may only be

asserted as a RESPA claim, or a breach of contract claim, but not as a violation of the VICPA.

*See Smith*, 158 F. Sup. 3d at103 (holding that Plaintiff could not rely on a post-transaction

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 17 of 21

document to support a CUPTA claim); *see also Omni Corp. v. Sonitrol Corp.*, 303 Fed. Appx. 908, 911 (2d Cir.2008) (holding that where a claim under CUTPA "duplicates" a breach of contract claim, "rejection of the latter disposes of the former").

The VICPA claims are also preempted by federal law. The Supremacy Clause of the United States Constitution provides the basis for federal preemption of state laws. A federal law will not explicitly preempt state law claims unless Congress has expressed a "clear and manifest" intent to do so. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). "RESPA provides that state laws are preempted to the extent they are inconsistent with the procedures outlined in the Act." *Smith*, 158 F. Supp. 3d at 103 (citing RESPA provision 12 U.S.C. § 2616). Because Plaintiffs cannot show any violation of RESPA, they cannot rely upon the same deficient allegations to support a claim under the VICPA.

**E. Plaintiffs Failed to State A Plausible Claim for Unjust Enrichment (Count V)**

Plaintiffs allege that Defendants were unjustly enriched by accepting "payment of premiums for lender-placed insurance" and mortgage payments after the Hurricanes damaged their properties. *SAC* ¶¶ 173-74. "Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties 'but fairness dictates that the plaintiff receive compensation for services provided.'" *Phillips v. Firstbank Puerto Rico*, Civ. No. 13-105, 2017 WL 2470235, at *3 (D.V.I. June 2, 2017) (unpublished) (quoting *Cacciamani and Rover Corp. v. Banco Popular De Puerto Rico*, 61 V.I. 247, 251 (V.I. 2014). To be successful on a claim for unjust enrichment, a plaintiff must prove: "(1) that the defendant was enriched; (2) that such enrichment was at the plaintiff's expense; (3) that the defendant had appreciation or knowledge of the benefit; and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 18 of 21

plaintiff." *Walters v. Walters*, 60 V.I 768, 776 (V.I. 2014). Unjust enrichment is inappropriate

where a legal remedy is available. *Cacciamani and Rover Corp*, 61 V.I. at 252.

The mortgage agreements unequivocally state that an event of loss or damage "shall not

extend or postpose the payment of amounts due" under the mortgage loan. This is an enforceable

contractual provision barring the application of unjust enrichment as to Plaintiffs obligation to

make mortgage payments until the mortgage loan has been paid off.  Defendants were not

unjustly enriched by the charges for the FPI premiums or the continued collection of amounts

due under the mortgage loans.[13]

### F. Plaintiffs Failed to State a Plausible Claim for Negligent and Fraudulent Misrepresentation (Counts VI and VII)

In the Virgin Islands, negligent misrepresentation occurs where

> [O]ne who, in the course of his or her business, profession, or employment, or in
> any other transaction in which he or she has a pecuniary interest, supplies false
> information for the guidance of others, is subject to liability for pecuniary loss
> caused to those others due to the others' justifiable reliance on the information,
> but only if he or she failed to exercise reasonable care or competence in obtaining
> or communicating the information.

*H.D.V.I. Holding Company, Inc. v. CDP, LLC*, Civ. No. 13-118, 2018 WL 3213138, at *8

(D.V.I. 2018) (unreported) (quoting *Merch. Commercial Bank v. Oceanside Vill., Inc.*, 64 V.I. 3,

11 (V.I. Super. Ct. 2015)). To allege fraudulent misrepresentation, a plaintiff must allege: "(1) a

knowing misrepresentation of a material fact, (2) intent by the defendant that the plaintiff would

rely on the false statement, (3) actual reliance, and (4) detriment as a result of that reliance."

*Weiss v. Maccaferri, Inc.*, 2016 WL 1451530, at *7 (D.V.I. 2016) (unpublished) (quoting *Hodge*

---

[13] No good deed goes unpunished.  Plaintiffs' unjust enrichment claim is ironic in the extreme, since Scotiabank has funded payment of the insurance claims, pending collection from Integrand, to protect its borrowers.  Even if Scotiabank does not prevail in the Integrand case, Plaintiffs will suffer no loss.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 19 of 21

*v. Nat'l Rural Utilities Coop. Fin. Corp.*, No. 13-0032, 2014 WL 1757229, at *6 (D.V.I. Apr. 28, 2014)).

Once again, Plaintiffs' allegations are not supported by the facts. Plaintiffs failed to purchase homeowners insurance as required by their mortgages. After proper notice, Scotiabank elected to insure their properties through its FPI policy, remitted premium payments, and charged Plaintiffs for the FPI coverage. After the Hurricanes, Plaintiffs were invited to submit claims of loss, adjusters visited their properties and recommended settlements, which were shared with Plaintiffs who had the opportunity to request review. Settlements were reached and insurance proceeds were made available to Plaintiffs to restore or repair their mortgaged properties or to pay down their mortgages. There is no factual basis to support the claim that Defendants made false representations, and thus claims for either negligent or fraudulent misrepresentation must be dismissed.

### G.  Plaintiffs Failed to State a Plausible Claim for Conversion (Count VIII)

"In order to state a claim for conversion, a plaintiff must allege the following elements: (1) plaintiff had an ownership interest in the property; (2) plaintiff is entitled to immediate possession of the property; (3) that the defendant unlawfully or without authorization retained the property." *Banco Popular De Puerto Rico v. Currence*, Civ. No. 2017-39, 2018 WL 4473579, at *2 (D.V.I. 2018) (citing *Mayfair Jewelers, Inc. v. SAI Inv.*, LLC, No. 2015-CV-12, 2016 WL 1069652, at *2 (D.V.I. Mar. 17, 2016)). Pursuant to the mortgage agreements, Scotiabank was permitted to charge Plaintiffs for FPI coverage. There is no factual allegations that reasonably support the conclusion that Scotiabank charged premiums for nonexistent FPI.

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 20 of 21

### H.  Plaintiffs Failed to State a Plausible Claim for Negligence (Count IX)

"To allege a negligence claim under Virgin Islands law, a claim must contain four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages." *Sullivan v. Sabharwal*, Civ. No. 2016-21, 2018 WL 1353114, at \*3 (D.V.I. 2018) (citing *White v. Spenceley Realty, LLC*, 53 V.I. 666, 673 (V.I. 2010)). Plaintiffs fail to allege any of the required elements. Plaintiffs allege that Defendants did not procure FPI and failed to tell Plaintiffs. But Defendants do not have a duty to procure lender-placed insurance. Without a duty, there can be no breach, no causation and no damages. There can be no negligence. More importantly, there is no factual basis supporting the conclusion that Defendants did not procure lender-placed insurance.

### IV.    Conclusion

The SAC must be dismissed under Rules 12(b)(1) and (6) for failure to state a claim and lack of subject matter jurisdiction. For the same reasons, the SAC also fails to state a claim for any of the other alleged counts, since all counts are based on the unsupported conclusion that FPI was not obtained.

DATED: March 15, 2019                      Respectfully Submitted,

**DUDLEY RICH LLP**

By:  ___/s/ Carol  Ann  Rich___
Carol A. Rich, Esq., V.I. Bar No. 171
Malorie Winne Diaz, V.I. Bar No. R2049
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
Telephone: (340) 774-7676
Telecopier: (340) 776-8044
crich@dudleylaw.com
mdiaz@dudleylaw.com
*Attorneys for Defendants Bank of Nova Scotia and Scotiabank de Puerto Rico, Inc.*

*Belardo, et al. v. Bank of Nova Scotia*, Case No. 2018-CV-8
Memorandum in Support of Motion to Dismiss Second Amended Complaint
Page 21 of 21

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2019, I electronically filed the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**SECOND AMENDED COMPLAINT** with the Clerk of the Court using CM/EFC system,

which will send a notification of such (NEF) to the following:

Vincent Colianni, II
Vincent A. Colianni
1138 King Street
Christiansted, St. Croix
mailbox@colianni.com

Harry Richard Yelton, Esq.
Charles Jacob Gower, Esq.
Warren Burns
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130

*/s/Carol Ann Rich*