## THE BANK OF NOVA SCOTIA
## FIRST PRIORITY MORTGAGE

THIS MORTGAGE is made on September 17, 2003, between **YVETTE D. ROSS a/k/a YVETTE ROSS and PERCIVAL A. EDWARDS**, whose mailing address is Plot 223 Two Williams, Frederiksted, St. Croix, U.S. Virgin Islands 00840 (hereinafter referred to as the "Mortgagor") and **THE BANK OF NOVA SCOTIA**, a banking corporation organized under the laws of the Dominion of Canada with its principal place of business located at 44 King Street West, Toronto, Ontario, Canada, acting through its branch office in St. Croix, United States Virgin Islands (hereinafter referred to as the "Mortgagee").

The Mortgagor acknowledges being indebted to the Mortgagee in the sum of **One Hundred Thousand Dollars and No Cents ($100,000.00)** (in United States dollars) or so much thereof as shall have been advanced and remains unpaid, which indebtedness is evidenced by the promissory note executed by Mortgagor on even date, as the promissory note may be extended, renewed, modified or varied by mutual agreement of the parties thereto (hereinafter referred to as the "Note"), with a maturity date of **October 1, 2008**.

This Mortgage secures the payment of all moneys due under the Note together with any and all sums for which the Mortgagor at any time and for any reason may be indebted to the Mortgagee and for any claims or demands whatsoever that the Mortgagee at any time and for any reason may have or obtain against the Mortgagor, solely or jointly, whether created directly or acquired by assignment, whether absolute or contingent and whether due or not.

For the purposes set forth above, Mortgagor hereby mortgages to the Mortgagee and the successors and assigns of the Mortgagee the following described real property located in St. Croix, Territory of the Virgin Islands, United States of America:

> **Plot No. 16B** (comprising 0.4998 Danish acre, more or less), **the Whim Estates**, West End Quarter, as more particularly shown on OLG Drawing No. 1269, dated July 25, 1962, revised February 20, 1996;

TOGETHER WITH all appurtenances of land, all present and future buildings, all improvements now or hereafter erected on the property and all fixtures and equipment now or hereafter a part of the property (hereinafter referred to as the "Improvements"), which real property and the Improvements are hereinafter referred to as the "Property". All replacements and additions to the Property shall also be covered by the lien of this Mortgage. In case the Property is or becomes under lease or sublease, Mortgagor mortgages and assigns to the Mortgagee all of its possessory interest in the Property so leased or subleased. Mortgagor further mortgages all house, building and land rents together with all awards heretofore and hereafter made for the taking by eminent domain of the whole or any part of the Property or any easement therein, all of which are assigned to Mortgagee.

This is a First Priority Mortgage.

Mortgagor warrants to and covenants with the Mortgagee that:

1. *Payment of Secured Amounts*
   Mortgagor shall promptly pay when due the principal of and interest on the debt evidenced by the Note, any prepayment or late charges due under the Note and all other amounts under the Note or otherwise secured by this Mortgage.

**EXHIBIT 2**

2. *Good Title*
Mortgagor warrants title to the Property. Mortgagor warrants it has the right to mortgage the Property and that the Property is unencumbered, except as provided herein. Mortgagor will defend generally the title to the Property against all claims and demands.

3. *Taxes*
Mortgagor shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which shall become due from time, and shall promptly furnish to Mortgagee during all times that this Mortgage remains in effect all tax bills and other amounts to be paid under this paragraph and receipts evidencing such payments. Should Mortgagor fail at any time to pay any such taxes, assessments, charges, fines and impositions, Mortgagee may, but shall not be required to, make the required payment together with any interest and penalties then owing.

4. *No Further Mortgages; Liens*
Mortgagor expressly agrees not to grant any further mortgages, easements or leases over, or in any way encumber, the Property without the prior written consent of Mortgagee. Mortgagor shall promptly discharge any lien which may attach to the Property at any time during which this Mortgage remains in effect. Should Mortgagor fail at any time to discharge such lien, Mortgagee may, but shall not be required to, make the required payment together with any interest and penalties then owing.

5. *Sale of the Property or of a Beneficial Interest In Mortgagor*
Should the Property or any portion thereof be sold, encumbered or conveyed, or in the case of a change in ownership in any way, or if a beneficial interest of Mortgagor (if Mortgagor is not a natural person) is sold or transferred, Mortgagee at its sole option may declare the outstanding balance unpaid which is secured by this Mortgage to become immediately due and payable.

6. *Property and Hazard Insurance*
6.1 Mortgagor shall insure the Improvements, and all property which is mortgaged to or which secures the Mortgagee under the terms of this Mortgage or any security document, at all times with responsible, reputable and financially sound insurance companies or associations acceptable to the Mortgagee covering loss or damage to the Improvements and any secured property on a comprehensive basis from all risks (including fire, earthquake and windstorm, casualty, hurricane, flood and other risks), and consequential loss insurance and insurance against liability to persons for such risks and hazards and business interruption insurance in such amounts and with such deductibles as are reasonably acceptable to the Mortgagee.

6.2 All such insurance policies shall name the Mortgagee as an additional insured party and provide for payment of the proceeds thereof to the Mortgagee as loss payee, and shall contain an endorsement providing that the insurance shall not be cancelable except upon at least fifteen (15) days prior written notice to the Mortgagee. In the event that the Mortgagee elects to force place property insurance over the Property to protect its security due to the Mortgagor's failure to obtain and maintain property insurance as provided in Section 6.1 above, the Mortgagor acknowledges and agrees that such forced place insurance coverage shall be in such amount as the Mortgagee shall in its sole and absolute discretion determine is necessary to protect its security and repayment of the obligations of the Mortgagor to the Mortgagee. Such coverage may or may not be sufficient to pay the Mortgagor's obligations to the Mortgagee. Further, the proceeds of any claim on forced place property insurance shall be solely for the benefit of the Mortgagee, the Mortgagee shall have the sole and absolute right to settle any claims involving forced place property insurance and the Mortgagor shall have no claim or any right to such proceeds unless the net proceeds therefrom exceed the total of the Mortgagor's obligations to the Bank.

6.3 Should Mortgagor fail at any time to maintain such insurance coverage, Mortgagee may, but shall not be required, to obtain such of the coverages as Mortgagee may then elect with insurance companies of its choosing and make the required premium payment together with any interest and penalties then owing.

6.4 Duplicate originals of all insurance policies insuring the Property and any other property which is mortgaged to or which secures the Mortgagee under the terms of a security document shall be provided to the Mortgagee by the Mortgagor on a regular basis not later than 10 days prior to the expiration of the current policy, and without separate request from the Mortgagee together with confirmation from the relevant insurer or insurers that the annual premiums in respect of such insurance has been paid and that such insurance is in full force and effect.

6.5 From time to time at the request of the Mortgagee, Mortgagor shall deliver to the Mortgagee a detailed schedule indicating all insurance policies then in force over the Property.

6.6 If all or any part of the Property and any other property which is mortgaged to or which secures the Mortgagee under the terms of a security document is destroyed or damaged at any time by any cause whatsoever while any loan or obligation secured hereby is outstanding, the Mortgagee, in its absolute discretion, may apply the proceeds of any insurance policy or any part thereof, either to the reduction or satisfaction of the amounts secured by this mortgage, or to the construction, restoration or repair of the Property, in such manner as the Mortgagee may elect in its complete discretion.

6.7 In the case of loss, Mortgagor shall give prompt notice to the insurance company and Mortgagee. Mortgagee may make proof of loss if not made promptly by Mortgagor.

6.8 Unless otherwise agreed in writing, any damage to the Property covered by insurance and/or any application of insurance proceeds to any amount secured by this Mortgage shall not extend or postpone the payment of amounts due under the Note.

7. *Removal or Destruction of Improvements*
No Improvements shall be altered, removed or demolished without the prior written consent of Mortgagee.

8. *Application of Payments and Proceeds of Sale & Management Income*
Any payment made by the Mortgagor, and the proceeds of any sale of the Property or any part thereof or any interest therein pursuant to foreclosure or otherwise hereunder, and all amounts received by the Mortgagee by reason of any operation or management of the Property may be appropriated towards the reduction of the Mortgagor's indebtedness to the Mortgagee in such manner as the Mortgagee may elect in its complete discretion.

9. *Maintenance and Repair*
Mortgagor shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property, and will maintain the Property in as good a condition and repair as it is at the time of execution of this Mortgage.

10. *Appraisals*
Mortgagee shall have the right to obtain a written appraisal of the Property not more than once in any one year period. The reasonable cost of such appraisal shall be paid by Mortgagor upon demand.

11. *Right Of The Holder Of The Note To Perform Mortgagor's Covenants, Etc.*
If the Mortgagor fails to make any payment or perform any act required to be made or performed hereunder, the Mortgagee, after such notice to the Mortgagor as may be reasonable under the circumstances, and without waiving or releasing any obligation or

default, may (but shall be under no obligation to) at any time thereafter make such payment or perform such act for the account and at the expense of the Mortgagor, and may enter upon the Property or any part thereof for such purpose and take all such action thereon as, in the opinion of the Mortgagee, may be necessary or appropriate therefor.

12. *Environmental Regulations*

12.1 Mortgagor shall not cause or permit the presence, use, disposal, storage or release of any toxic or hazardous substance, including but not limited to any pollutant, contaminant, waste or hazardous waste, and any substance that when released to the natural environment is likely to cause at some immediate or future time, substantial harm to the natural environment or risk to human health or any other substances defined as toxic or hazardous under any Federal or Virgin Islands law or regulation relating to health safety or environmental protection (collectively "environmental laws"), (such substances collectively being described as "Hazardous Substances") on or in the Property without the prior written consent of Mortgagee.

12.2 Mortgagor shall not make any use, nor allow anyone else to make any use, of the Property that is in violation of environmental laws or which violate the terms of any Coastal Zone Management permit or other permit obtained by Mortgagor from the Federal or Virgin Islands government.

12.3 Mortgagor shall promptly give Mortgagee notice of any investigation, claim, demand, lawsuit or any action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substances and/or environmental laws.

12.4 If Mortgagor learns, or is notified by any governmental or regulatory authority, that any removal or other remedial action of or concerning any Hazardous Substances affecting the Property is necessary, Mortgagor shall promptly take all necessary remedial actions in accordance with the relevant environmental law and shall keep Mortgagee fully notified of the efforts.

12.5 Mortgagor shall permit the Mortgagee at its discretion to conduct tests, inspections and appraisals of all or any of its records, business and assets insofar as they relate to the Property (including, without limitation, the right to conduct soil tests and to remove samples from the Property and any parts of the Property) at any time and from time to time to ensure compliance with the representation made by the Mortgagor as to Hazardous Substances.

12.6 If the Mortgagee is required, or deems it necessary or advisable to take any action as a result of any investigation, claim, demand, lawsuit or any action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substances and/or environmental laws, the Mortgagee shall be entitled to recover all costs incurred or sums paid by Mortgagee as a result thereof and thereby, including reasonable attorney's fees.

13. *Right of Entry & Inspection*
Mortgagee or its duly authorized agents may make reasonable entry upon and inspection of the Property whenever Mortgagee deems necessary.

14. *Right to Complete or Repair*
Upon default of payment of any moneys due under the Note or hereunder or upon breach of any of the covenants or warranties of Mortgagor contained in this Mortgage, the Note or any other document evidencing the transaction in which this Mortgage was made, or should Mortgagee in good faith deem itself to be insecure after all or part of the moneys hereby secured have been advanced, Mortgagee or its duly authorized agents may, without notice, enter and remain upon the Property and make arrangements for the protection, construction, repair, putting in order or completion of any Improvements as it sees fit, all without discharging Mortgagor in any way from its obligations hereunder.

15. *Condemnation; Eminent Domain*
In the event of any award or claim for damages, direct or consequential, in condemnation or other taking of all or any part of the Property, or for conveyance in lieu of condemnation, or for taking by eminent domain, Mortgagee is authorized to collect and receive the proceeds of such award and to give proper receipts and acquittances therefor and to apply any amounts received towards payment of the indebtedness secured by this Mortgage, notwithstanding that the indebtedness may not then be due and payable.

16. *Appointment of Receiver*
Should Mortgagee bring an action to foreclose this Mortgage, Mortgagee shall be entitled (without notice and without regard to adequacy of the security for the debt) to the appointment of a receiver for all or any part of the Property.

17. *Assignment of Rents & Profits*
The Mortgagor hereby assigns to the Mortgagee the rents, issues and profits of the Property as further security for the payment of said indebtedness, and the Mortgagor grants to the Mortgagee the right to enter upon the Property for the purpose of collecting the same and to let the Property or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this Mortgage is paid. The Mortgagee hereby waives the right to enter upon said Property for the purpose of collecting said rents, issues, and profits, and the Mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this Mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this Mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said Property, but such right of the Mortgagor may be revoked by the Mortgagee upon any default, on five (5) days' written notice. The Mortgagor will not, without the written consent of the Mortgagee, receive or collect rent from any tenant of said Property or any part thereof for a period of more than one (1) month in advance, and in the event of any default under this Mortgage will pay monthly in advance to the Mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said Property or such part thereof as may be in the possession of the Mortgagor, and upon default in any such payment will vacate and surrender the possession of said Property to the Mortgagee or such receiver, and in default thereof may be evicted by summary proceedings.

18. *Default, Acceleration and Foreclosure*
If one or more of the following events shall occur:

18.1   Mortgagor defaults in the observance or performance of any of the covenants, provisions, agreements, or conditions contained in this Mortgage or the Note as the same may be amended or varied from time to time;

18.2   Mortgagor has given materially false or inaccurate information or statements to Mortgagee (or failed to provide Mortgagee with any material information) in connection with the transaction in which this Mortgage is made or in connection with the Note;

18.3    Mortgagor shall make an assignment for the benefit of creditors, or shall admit in writing its inability to pay its debts as they become due, or shall file a petition in bankruptcy, or shall be adjudicated a bankrupt or insolvent, or shall file a petition seeking any arrangement, composition, readjustment or similar relief under any present or future statute, law or regulation, or shall file an answer admitting or not contesting the material allegations of a petition filed against it in any such proceeding, or shall seek or consent to or acquiesce in the appointment of any trustee or receiver; or

18.4    within sixty (60) days after the commencement of any proceeding against the Mortgagor which seeks any arrangement, composition or similar relief under any present or future statute, law or regulation, such proceeding shall not have been dismissed, or if, within sixty (60) days after the appointment of any trustee or receiver of the Mortgagor, without the consent or acquiescence of the Mortgagor, such appointment shall not have been vacated;

18.5    Mortgagee in good faith deems itself insecure;

then the Mortgagee shall have the right, without notice to Mortgagor, to accelerate payment of the amounts secured by this Mortgage, to declare the full amount secured by this Mortgage immediately due and payable and to commence legal foreclosure of this Mortgage and to proceed with the sale of the Property in the manner and form prescribed by law. If the proceeds of such sale are not sufficient to satisfy the indebtedness secured by this Mortgage, a deficiency judgment for such amounts remaining unpaid may be entered against Mortgagor.

19.    *Other Indebtedness And Future Advances*

This Mortgage secures and shall secure any and all indebtedness of Mortgagor to Mortgagee. For the purpose of this paragraph, "indebtedness" means all loans, advances and Future Advances (as described below), now or hereafter made by Mortgagee to Mortgagor, together with any and all interest accrued thereon, and all other obligations and liabilities of Mortgagor, whether now existing or hereafter incurred or created, whether voluntarily or involuntarily, or whether incurred directly or acquired by Mortgagee by assignment or otherwise. The term "indebtedness" as used herein specifically includes those obligations of Mortgagor arising under any agreement delivered by Mortgagor to Mortgagee whereby Mortgagor guarantees repayment to Mortgagee of the debts and/or liabilities of any individual, corporation, association, partnership or other entity. Mortgagor expressly waives notice of any discontinuation, reduction, increase or other variation in the indebtedness as that term is used herein. Mortgagor shall promptly pay to Mortgagee when due the indebtedness in the manner provided in the Mortgage and the note(s), overdraft agreement(s), guarantee(s) and other written agreements and instruments evidencing and securing the indebtedness. Notwithstanding anything to the contrary set forth herein, all indebtedness secured by this Mortgage shall bear interest at the maximum rate permissible by law, not to exceed, however, the rate(s) set forth in the note(s), overdraft agreement(s), guarantee(s) or other written agreement(s) and instrument(s) creating the indebtedness.

Without limiting the foregoing, this Mortgage secures any and all Future Advances made by Mortgagee to Mortgagor, jointly or individually, as provided for by 28 V.I.C. §1032. "Future Advances" means any and all indebtedness, as defined above and of the nature described in 28 V.I.C. §1032, arising after the date hereof. At no time shall the principal amount of indebtedness secured by this Mortgage, including Future Advances, but not including sums advanced to protect the security of this Mortgage, exceed the sum of **$100,000.00**. Mortgagor acknowledges that Mortgagee has no obligation to Mortgagor to make Future Advances.

20. *Costs of Legal Proceedings*

20.1 If any action or proceeding is commenced involving, connected with or relating to the Property which Mortgagee is made a party, or in which it becomes necessary for Mortgagee to defend or uphold the lien of this Mortgage, or if Mortgagee is required or deems it necessary to appear before any court or administrative tribunal in connection with the Property or the transaction evidenced in part by this Mortgage, Mortgagor shall reimburse Mortgagee for all sums paid by the Mortgagee in regard hereto, including reasonable attorney's fees, upon demand.

20.2 If the Mortgagee is required to legally foreclose upon the Property and to sell the Property in the manner and form prescribed by law, and to recover amounts secured by this Mortgage, all costs incurred or sums paid by Mortgagee as a result thereof and thereby, including reasonable attorney's fees, shall be promptly paid by Mortgagor upon request, together with interest thereon at the same rate applicable to the principal amount shown on the Note, and until paid shall be a lien on the Property secured by this Mortgage.

Notwithstanding any other provision herein to the contrary, the terms "attorney's fees" as used herein shall mean the fees charged to Mortgagee by Mortgagee's attorneys for the time expended by any attorney, paralegal, legal assistant, or law clerk employed by Mortgagee's attorneys, plus disbursements incurred by the said attorneys on behalf of Mortgagee. In determining the reasonableness of attorney's fees, the rates charged by Mortgagee's attorneys to Mortgagee shall be presumed to be reasonable except upon a showing that the rates charged the Mortgagee are in excess of the standard and customary hourly rates charged by the said attorneys. It is the express intention of Mortgagor and Mortgagee that indemnification for attorney's fees be governed by contract rather than by statute or judicial discretion.

21. *Amounts Paid By Mortgagee*
All the amounts paid by the Mortgagee under the provisions of this Mortgage shall: (i) be added to the then unpaid principal amount secured by this Mortgage; (ii) bear interest at the highest rate accruing on such principal amount; (iii) be deemed to be secured by this Mortgage; (iv) have priority over any lien on the Property attaching or accruing subsequent to the lien of this Mortgage; and (v) be paid by the Mortgagor to the Mortgagee on demand.

22. *Not A Waiver*
From time to time, Mortgagee may, without notice and at its sole discretion:

   a) Release this Mortgage as to all or any part of the Property; or

   b) Accept any sum on account of this Mortgage after the date when such sum is due or after foreclosure proceedings have begun; or

   c) Release or extend the time or alter the terms of payment of this Mortgage, the Note or any promissory note of Mortgagor; or

   d) Take or release other security for all or part of this Mortgage, all without:

      i) Prejudicing or affecting the liability of any person for the payment and performance of any part of this Mortgage or the lien thereof; and

      ii) Waiving any of Mortgagee's rights hereunder as to any unpaid balance of this Mortgage.

Notwithstanding any of the foregoing, Mortgagee shall have the right thereafter to insist upon strict performance by Mortgagor of all terms and conditions of this Mortgage to be performed by Mortgagor.

23. *Loan Charges*

If the loan secured by this Mortgage is subject to a law which sets maximum loan charges or interest rates, and the interest rates or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then Mortgagor and Mortgagee agree that as Mortgagor's sole remedies:

(a) any such loan charge or interest rate shall be reduced by the amount necessary to reduce the charge to the permitted limit; and

(b) any sums already collected from the Mortgagor which exceeded permitted limits will be refunded to the Mortgagor.

Mortgagor and Mortgagee agree that the Mortgagee may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to the Mortgagor. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

24. *Severability*

In the event that any provision or clause of this Mortgage is declared invalid, such provision or clause shall be deemed deleted from this Mortgage and the remainder given full effect as if the offending provision or clause had not appeared.

25. *Further Instruments*

Mortgagor will execute and deliver to Mortgagee any further and additional instruments which may be necessary or proper to confirm this Mortgage in accordance with its true intent.

26. *Release*

Upon payment of all sums secured by this Mortgage, Mortgagee shall execute a written document releasing this Mortgage. Mortgagor shall be responsible for recording any such release and pay any recordation costs to satisfy and remove the Mortgage of record.

27. *Assignment*

This Mortgage, and the Note, may at any time be assigned, in whole or in part, by the Mortgagee, and the benefits, advantages, rights and obligations of the Mortgagee hereunder shall inure to the successors and assigns of the Mortgagee.

28. *Successors and Assigns; Joint and Several Liability; Interpretation*

28.1 Subject to the provisions of clause 5, "Mortgagor" shall include heirs, administrators, executors, successors and assigns of Mortgagor and "Mortgagee" shall include the successors and assigns of Mortgagee.

28.2 All covenants, liabilities and other obligations entered into or imposed herein upon the Mortgagor shall be joint and several if there be more than one Mortgagor.

28.3 Any Mortgagor who co-signs this Mortgage but does not execute the guarantee or Note secured by this Mortgage: (a) is co-signing this Mortgage only to mortgage, grant and convey that Mortgagor's interest in the Property under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; (c) has executed this Mortgage for the purpose of complying with 5 VIC §478(c) to the extent applicable to this Mortgage; (d) by execution of this Mortgage hereby expressly waives the benefits of the homestead exemption; and (e) agrees that the Mortgagee and any other Mortgagor may agree to extend, modify, forbear or make any accommodations with regard to the

terms of this Mortgage or the Note or guarantee secured hereby or any debt secured hereby without that Mortgagor's consent.

28.4 Words in the singular shall include the plural and vice-versa, and words importing the masculine gender shall include the feminine gender unless the context states to the contrary.

28.5 Captions used in this Mortgage are for reference only and shall not be considered in the interpretation and construction of this Mortgage.

29. *Proceedings Before Magistrate*
Should Mortgagee so elect, Mortgagor consents to dispositive legal proceedings before a United States Magistrate in any litigation concerning or involving this Mortgage or the transaction in connection with which this Mortgage was made to the fullest extent permitted by 28 U.S.C. §636(c) or such other provision of law which shall replace, modify or supersede it.

30. *Jury Waiver*

**THE MORTGAGOR AND THE MORTGAGEE EACH HEREBY IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM, INCLUDING, BUT NOT LIMITED TO, ACTIONS SOUNDING IN TORT, "BAD-FAITH," FRAUD OR OTHERWISE, ARISING BECAUSE OF OR IN ANY WAY RELATING TO THIS MORTGAGE, ANY NOTE OR OTHER SECURITY DOCUMENT EXECUTED IN CONNECTION HEREWITH OR THE TRANSACTIONS CONTEMPLATED THEREBY.**

31. *Balloon Payment*
If a balloon payment applies to the loan for which this mortgage is taken as security, the final principal payment or the principal balance due upon maturity may be as much as **$93,100.00**. In addition, accrued interest, if any, and all other advances made by the Mortgagee under the terms of this mortgage will be due and payable upon maturity. Mortgagee has no obligation to refinance this balloon amount or to extend the term of the Loan secured by this Mortgage, and Mortgagee has not agreed to do so.

\* \* \*

IN WITNESS WHEREOF, Mortgagor has signed and delivered this Mortgage effective the date first above written.

WITNESSES AS TO BOTH:

_____     _____
                                    **YVETTE D. ROSS a/k/a YVETTE ROSS**

_____     _____
                                    **PERCIVAL A. EDWARDS**

ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS
JUDICIAL DIVISION OF ST. CROIX

The foregoing instrument was acknowledged before me this __17th__ day of __September__, 2003, by **YVETTE D. ROSS a/k/a YVETTE ROSS and PERCIVAL A. EDWARDS**.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(NOTARY SEAL)                          _____
                                       Notary Public
                                       My Commission expires: _____

ld:c:/oldlobak/word/bns/RossYvette.mrg (fpm)

SAMUEL T GREY
Notary Public, Territory of the Virgin Islands
No. LNP - 001-02
Qualified in Judicial District of St. Croix
Commission Expires 10/16/05

