## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD, DARYL RICHARDS, EVERTON BRADSHAW, RODELIQUE WILLIAMS-BRADSHAW, PAMELA GREENIDGE and WINSTON GREENIDGE, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs,<br><br>v.<br><br>BANK OF NOVA SCOTIA, SCOTIABANK DE PUERTO RICO, INC.<br>                            Defendants. | 1:18-CV-00008<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT

COME NOW Defendants Bank of Nova Scotia ("Scotiabank") and Scotiabank De Puerto Rico, Inc. ("SBPR"; collectively, "Defendants"), by and through their undersigned counsel, and hereby reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). (ECF 55.)

Plaintiffs fail to raise any issues that would preclude this Court from granting Defendants' motion to dismiss. Plaintiffs' attempt to characterize the motion to dismiss as an untimely motion for summary judgement is incorrect. Looking only to the factual allegations in the SAC, Plaintiffs admit that their claims for losses caused by Hurricanes Irma and Maria were adjusted. They have suffered no damages. An alleged delay in the adjustment process is not sufficient to sustain a cause of action under RESPA or the mortgages, let alone a proper basis for a class action.

### I. Defendants Properly Attached Documents Referenced in the SAC To Support the Motion to Dismiss

Defendants properly supported their motion to dismiss by attaching a copy of each of the Plaintiffs' duly recorded mortgage agreements.[1] Plaintiffs advance a bizarre and utterly meritless argument that Defendants may not provide this Court with copies of the *actual* underlying mortgages they signed, and upon which their claims are actually based. Instead, Plaintiffs insist that the Court may only consider a "standard" mortgage document they attached as an exhibit to the original complaint, even as they concede that the terms of the so called "standard" mortgage are significantly different than the terms of the actual mortgages at issue in this case.[2]

The actual terms of Plaintiffs' mortgages are not "quintessential questions of fact" to be determined "after the parties have engaged in discovery". *Plaintiffs' Opp. to Motion to Dismiss*, at 7. The mortgages are self-authenticating public records under Rules 901 and 902 of the Federal Rules of Evidence. The Court may take judicial notice of both the existence and content of the Plaintiffs' mortgages. As the Plaintiffs recognize, "courts are generally limited to 'the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Id.* (*citing Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2013) and FED. R. CIV. P. 10(c) ("A copy of the written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")). The Third Circuit has made clear that "[i]n determining facial plausibility, [the court] may consider matters of public record attached to the defendants' motion to dismiss

---

[1] *See* **Exhibits 1-8**, attached to the Motion to Dismiss (ECF 54-1 through 54-8), which are the recorded mortgages signed by each Plaintiff and initialed on each page.

[2] There is no such thing as a "standard" mortgage agreement and Plaintiffs offer no factual basis for that allegation.

such as the bankruptcy petition, **and other documents from the Virgin Islands' Recorder of Deeds' Office.**" *Friedberg v. Barefoot Architect Inc*, 723 Fed. Appx. 100 (3d Cir. 2018) (emphasis added) (*citing Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1197 (3d Cir. 1993)); *see also, Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, 730 F.3d 263, 271 (3d Cir. 2013) (noting that "in ruling on a motion to dismiss, we may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." (quotation omitted)).

Plaintiffs' mortgages are matters of public record, filed with the Recorder of Deeds, as indicated by the stamp and document number on each mortgage. Each mortgage is integral to this dispute, as it forms the basis of each Plaintiff's relationship with Scotiabank, including the terms of Scotiabank's option to elect to purchase property insurance to protect its collateral, and to charge the premiums to Plaintiffs, as mortgagors. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), *cert. denied,* 562 U.S. 1271 (2011) (holding that when deciding a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.")

Plaintiffs have alleged that Defendants breached their mortgage agreements. Defendants must be allowed to provide the Court with copies of those agreements as part of their motion to dismiss. *In re Burlington Coat Factory sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that documents may be considered if they are "*integral to or explicitly relied* upon in the complaint") (emphasis in original); s*ee Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016) (noting that the two letters settling regarding insurance claims were integral documents

indicating that an insurance contract existed). There is nothing more integral to a breach of contract claim than the contract.

Moreover, the mortgage agreement that was attached to Plaintiffs' complaint is completely irrelevant to this case. Evidence must be relevant or it is inadmissible. *Treadways LLC v. Travelers Indem. Co.*, 467 Fed. Appx. 143, 147, 2012 WL 764917, at *3 (3d Cir. Mar. 12, 2012); FED. R. EVID. 402. "Evidence is relevant if '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Treadways LLC*, 467 Fed. Appx at 147 (quoting FED. R. EVID. 401). And "evidence is irrelevant only when it has no tendency to prove the fact." *Id.* (quoting *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir.1994)).

None of the Plaintiffs executed a mortgage agreement containing the language in the mortgage agreement they attached to the SAC. Because the mortgage agreement is irrelevant, it is inadmissible and must be struck by the Court under FED. R. EVID. 402. The only mortgages that are relevant, integral, and admissible in this matter are the mortgages actually signed by Plaintiffs, which were attached to Defendants' motion to dismiss. Each of those mortgages is a public record, and contain each Plaintiff's initials on every page and each Plaintiff's signature agreeing to the terms of the mortgage agreement. Presenting the actual mortgages the Plaintiffs executed to the Court does not transform this matter into a motion for summary judgment, and it is proper for the Court to consider them when determining the Defendants' motion to dismiss.

## II. The Motion To Dismiss Is Not Based Upon Factual Disputes, But Upon the Absence of Plausible Factual Allegations

Although Defendants vigorously contest the veracity of most of the "fact" allegations in the SAC, they do not rely on their denials of any well- pled facts to support the motion to

dismiss. Defendants contend that Plaintiffs have failed to allege *any* facts to support their core claim that Defendants deliberately (and fraudulently) charged premiums for force placed insurance that was never purchased. Plaintiffs' central allegation is that Defendants violated the Real Estate Settlement Procedures Act by charging premiums for non-existent insurance. Specifically, Plaintiffs allege a violation of 12 U.S.C. § 2605(m), which provides that "[a]ll charges, apart from charges subject to State regulation as the business of insurance, related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable." *Id.* Plaintiffs do not contend that Defendants charged excessive premiums, or engaged in a kickback scheme. Their sole allegation is that Defendants charged them premiums for non-existent insurance, thereby rendering the premiums neither bona fide nor reasonable.

Defendants do not contest that they charged Plaintiffs premiums for FPI. However, there is nothing in the SAC besides Plaintiffs' speculation and repeated self-serving statements—none of which are based on personal knowledge—to support the core allegation that Defendants failed to procure insurance.

Section 2605(m) requires lenders, should they choose to force-place a mortgaged property, to apply the insurance proceeds of any loss or damage to the mortgaged property to repair or reconstruction, or to pay down the mortgage loan, as the parties may agree. That is exactly what happened here. Plaintiffs admit that they received notices advising them that claims of loss should be submitted to Scotiabank to initiate the adjustment process. Plaintiffs admit they submitted claims of loss to Scotiabank. *SAC* ¶¶ 24, 25, 27, 28. Plaintiffs admit that insurance adjusters came to their mortgaged properties to inspect the claims of loss. *SAC* ¶¶ 59-62. Insurance settlements were reached, and the proceeds were disbursed to Plaintiffs, or applied to the loan balance, at the option of each Plaintiff. *SAC* ¶¶ 45, 47, 48, 50, 60, 62. That is exactly

how lender-placed insurance, or any insurance claim for damage to a mortgaged property, is intended to work.

That Plaintiffs' allegations that they "refrained from making repairs until they learned the extent of coverage they would receive for their claims" is common among all homeowners who have had property damage and is not actionable. *SAC* ¶ 66. Neither is it actionable if Plaintiffs contend that they did not receive sufficient insurance proceeds from an FPI insurance policy to fully repair their homes or pay off their mortgages. *SAC* ¶ 67. An FPI policy is in place to protect the lender. It may not cover the full value of the mortgaged property, because it only covers the mortgage loan balance, which may be significantly less. Although not required, Scotiabank offered each borrower the opportunity to submit their own estimated cost of repairs if they were dissatisfied with the adjuster's proposed settlement. *Plaintiffs' Opp.* at 3. Only one of the Plaintiffs took advantage of this invitation, and she resolved her insurance claim for a higher settlement amount.

RESPA only requires that the premiums charged to the account of a mortgagor be bona fide and reasonable. The SAC does not state a violation of RESPA or the mortgage contracts.

### III. The Court Need Not Accept Allegations That Are Based Upon Speculation, Hearsay or Information and Belief as True

The mere existence of an insurance coverage dispute between a lender and a forced placed carrier is not a RESPA violation, nor is it evidence to support a factual allegation that an insurance policy did not exist, and it certainly does support the allegations of fraud set forth in the SAC.

As the Seventh Circuit so eloquently stated:

> Here is the wrinkle and the rub. A plaintiff who alleges fraud can provide all the detail in the world, but does not have unlimited leeway to do so on "information

Reply to Opposition to Motion to Dismiss
*Belardo et al. v. Bank of Nova Scotia, et al.*
Case No. 2018-CV-08
Page 7

> and belief." When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are "based on secondhand information that [he] believes to be true." BLACK'S LAW DICTIONARY 783 (7th ed.1999); *see also Pirraglia v. Novell, Inc.*, 339 F.3d 1182 (10th Cir.2003) (quoting BLACK'S LAW DICTIONARY 779 (6th ed.1990)). Although Pirelli did not use the phrase "information and belief" in its complaint, its allegations fall squarely within the definition of the term. *See also Dey v. Cont'l Cent. Credit,* 170 Cal.App.4th 721, 88 Cal.Rptr.3d 241, 244 n. 1 (2008) (allegations based on hearsay constitute information and belief). As counsel for Pirelli stated at oral argument, "We're secondhand on a lot of this information ... we're picking up from the qui tam complaint ... adopting these allegations."

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Company*, 631 F.3d 436, 441 (7th Cir. 2011); *see also A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 81 (1st Cir. 2013) (rejecting "plaintiffs attempt to camouflage conclusory statements as allegations of fact" and holding that "[w]hen allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, [the court] will treat them as what they are: naked conclusions")); *Era v. Morton Community Bank*, 8 F.Supp.3d 66, 73 (D.R.I. 2014) (dismissing complaint that did not contain any factual allegations that would allow the court to determine if her assertion was at all plausible).

The SAC suffers from the same fatal flaw. While it may not use the phrase "information and belief" there can be no doubt that Plaintiffs' claims are based entirely on second-hand information adopted from another complaint. Plaintiffs cannot rely upon the disputed and unproven allegations made by a non-party in a complaint pending in another jurisdiction as a factual basis for surviving this motion to dismiss. Plaintiffs cannot regurgitate the allegations in the *Integrand* lawsuit to support their inferences or conclusions that no FPI coverage was in fact purchased for the USVI properties, or as evidence that Plaintiffs "did not receive sufficient insurance money to either repair their homes or pay down their mortgages." *SAC ¶* 58. All that

can be concluded from the *Integrand* complaint, and the responsive pleading, is that on March 19, 2018, a lawsuit was filed alleging an insurance dispute between Defendants and the FPI carrier. Indeed, the very existence of the *Integrand* lawsuit proves that Scotiabank procured FPI coverage, and asserted claims for losses, after which the carrier attempted to rescind and deny coverage. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir.2010) (*en banc).* This is such a case.

### IV.     Conclusion

By Plaintiffs' own admissions, they have not supported their RESPA allegations with well-pleaded facts. Without a well-pleaded RESPA claim, this Court does not have jurisdiction over this matter, and this case should be dismissed. *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994); *United States v. Southland Gaming of the Virgin Islands, Inc*., 182 F.Supp.3d 297, 305 (D.V.I. 2016).

Dated:  April 22, 2019                                         DUDLEY RICH LLP


BY: /s/ *Carol Ann Rich*
Carol A. Rich, Esq., V.I. Bar No. 171
Malorie Winne Diaz, V.I. Bar No. R2049
5194 Dronningens Gade,. Suite 3
St. Thomas, V.I.  00802
Telephone:  (340) 776-7474
Email: crich@dudleylaw.com
         mdiaz@dudleylaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22d<sup>th</sup> day of April, 2019, I electronically filed the foregoing **Reply to Opposition to Motion to Dismiss** with the Clerk of the Court using CM/EFC system, which will send a notification of such (NEF) to the following:

| | |
|---|---|
| Vincent Colianni, II | Korey A. Nelson, Esq. |
| Vincent A. Colianni | Harry Richard Yelton, Esq. |
| 1138 King Street | Charles Jacob Gower, Esq. |
| Christiansted, St. Croix | Warren Burns, Esq. |
| mailbox@colianni.com | Burns Charest LLP |
| | 365 Canal Street, Suite 1170 |
| | New Orleans, LA 70130 |
| | knelson@burnscharest.com |

/s/Carol Ann Rich